Nathan M. Griggs, Respondent, v. Henry J. Deal, Appellant.

St. Louis Court of Appeals, March 27, 1888.

1. Evidence—Error not Prejudicial.—In a dispute as to whether the defendant was to pay the plaintiff fourteen or fifteen cents per cubic yard for excavating, evidence that the defendant had employed a third person to work at fifteen cents is erroneously admitted. But the error is not prejudicial, if it appear that the parties had a settlement on that account, upon which the defendant gave an order to the plaintiff for the sum agreed upon as due, and it is manifest that the jury's verdict was based upon an indebtedness in that sum.

2. ——— Admission by Party.—Evidence that a telegram was sent by the defendant to the drawee of an order which he had given to the plaintiff, directing the drawee to withhold a part of the amount specified and pay the remainder, is competent and relevant, as tending to show an admission by the defendant of indebtedness to the amount, at least, of such remainder.

3. Instruction—Waiver of Protest—Payment with Condition Annexed.—An instruction to the effect that, if the drawer of an order for money virtually waived notice and protest upon non-payment, the verdict should be against him, and that the payee of the order was not bound to accept the money coupled with a condition prejudicial to his rights in other matters, is not erroneous, when there was substantial testimony in support of its hypotheses.

4. Practice—Verdict for Round Sum.—An objection that the verdict was for a round sum upon a petition which contained two counts is waived, if not presented by a motion in arrest of judgment.

Appeal from the Mississippi Circuit Court, Hon. Marshall Arnold, Special Judge.

*Affirmed.*

J. J. Russell, for the appellant: It is fundamental that a plaintiff cannot recover for anything beyond that sued for, or not embraced in his pleadings. *White v. Chaney,* 20 Mo. App. 389; *Phleger v. Weltner,* 21 Mo.

App. 581; *Kemp v. Foster*, 22 Mo. App. 643. The court permitted the plaintiff to state that he saw a telegram from defendant requesting the company to withhold part of the order. This was hearsay evidence and clearly incompetent. It was conceded on the trial by defendant that the order referred to was a draft or bill of exchange, as shown by the last instruction, of which the defendant complains. Protest was, therefore, necessary to hold the drawer, who is defendant herein. It was not protested for months after, which was an unreasonable delay. *Dyas v. Hanson*, 14 Mo. App. 363. If plaintiff could have collected the order and failed to do so, and the company became insolvent, and the amount was in the meantime charged to the defendant and never collected by him, the loss should justly fall upon plaintiffs. *Boyer v. Hamilton*, 21 Mo. App. 520. The verdict and judgment in this case were erroneous, for the reason that it was a general verdict, upon two separate and distinct causes of action stated in two separate counts in plaintiffs' petition. A general verdict in such a case cannot stand. The court's attention was called to this erroneous verdict in defendant's motion in arrest, and the judgment should have been arrested. *Owens v. Railroad*, 58 Mo. 386; *Sturgeon v. Railroad*, 65 Mo. 569.

BOONE & CANTWELL and ROBERT WAIDE, for the respondents: The evidence clearly justifies a verdict for plaintiffs, and even though the trial court may have admitted improper testimony, if it was not injurious to the party complaining, the judgment will not be reversed for that cause. *Martin v. Martin*, 27 Mo. 227; *Lesinsky v. Dispatch*, 14 Mo. App. 598; *Auction Co. v. Mason*, 16 Mo. App. 473. There is no doubt that the verdict should have been upon each count separately, but the appellant cannot now complain of that error. He should have set it out specifically in his motion in arrest, and called the attention of the trial court to the error. This he did not do. He simply says that "the judgment is erroneous and void." *Biglow v. Railroad*, 48 Mo. 512;

*Fickle v. Railroad,* 54 Mo. 219; *Sweet v. Maupin,* 65
Mo. 65; *Erdbruger v. Meier,* 14 Mo. App. 259; *Owens v.
Railroad,* 58 Mo. 391.; *Sturgeon v. Railroad,* 65 Mo.
569.   The only instruction complained of by appellant
is number four, given for respondents.   This instruction
presented the law correctly.   *Salisbury v. Renick,* 49
Mo. 558; *Dorsey v. Watson,* 14 Mo. 59.

THOMPSON, J., delivered the opinion of the court.

Nathan M. Griggs and R. J. Smith were partners
in doing the work for which this action is brought.
Smith died, and Griggs was appointed administrator
of the partnership estate.   He brings this action in his
personal character, and also as such administrator.

The petition contains three counts: (1) A count
upon an order or draft for the sum of eight hundred
dollars; (2) a count for the sum of $2,433.15, due under
a contract with the defendant for excavating sixteen
thousand two hundred and twenty cubic yards of dirt
on the roadway of the Texas & St. Louis Railroad;
(3) for work and labor done at the request of the
defendant in clearing timber on the right of way of said
railway, for which judgment is asked in the sum of
$35.95.   The court sustained a motion compelling the
plaintiff to elect between the first and second counts,
and he elected to abandon the first count.

The answer admits the doing of the work as alleged
in the second count, but asserts that the contract price
was fourteen and not fifteen cents per cubic yard, and
claims that the amount due therefor was fully paid.   It
sets up as a special defence that, in payment for said
work, the defendant drew and delivered to Smith &
Griggs a certain draft or bill of exchange on the pay-
master of said railroad company, due and payable on
demand, which Smith & Griggs could, by ordinary dili-
gence, have collected, but that they failed to present
the same in a reasonable time, and failed to give the
defendant any notice of its presentation and non-pay-
ment; and that the railroad company soon after became

insolvent, whereby the payment of the draft was prevented. The answer to the third count was a general denial. There was also a counter-claim, which dropped out of view at the trial and need not be considered.

I. As to the question of the price at which the excavating was to be done, the plaintiffs' evidence tended to show that the agreed price was fifteen cents per cubic yard, and the defendant's evidence tended to show that a part of it was to be fourteen and the rest fifteen cents per cubic yard; but the defendant's evidence failed to specify the amount of the admitted work done which was to be paid for at the rate of fourteen and the amount which was to be paid for at the rate of fifteen cents per cubic yard. Against the objection of the defendant, a witness was permitted to testify that he (the witness) had done excavating on the job for the defendant at the price of fifteen cents per cubic yard. This testimony was plainly incompetent, since what the defendant agreed to pay some one else for similar work would not tend to prove what he had agreed to pay the plaintiffs. This is now conceded by the plaintiffs' counsel. We think, however, after a careful examination of the evidence, that it could not have been prejudicial. The parties themselves so far settled their account, and the defendant gave to Smith & Griggs an order on the railroad company for eight hundred dollars. This was tantamount to an admission that there was that amount due. It is not claimed that there was any mistake made in ascertaining the amount due when this order was given. This order was never paid; and if the circumstances of the case were such that the failure of Smith & Griggs to collect the amount named in the order from the railroad company before it became insolvent did not release the defendant, there was the soundest basis furnished by the testimony for a verdict against the defendant for this sum of eight hundred dollars, with interest. The verdict was for the aggregate sum of $978.06, which would be the amount produced by

adding this sum to the amount claimed under the third count and computing interest thereon from the date of the commencement of the action. The jury must, therefore, have taken the amount for which this order was given as the basis of their finding under the second count, and could not, therefore, have been influenced by the testimony of this witness. The evidence supported the item sued for in the third count, and it is not claimed that there was error in submitting that to the jury.

II. The evidence tended to show that the order already spoken of, given by the defendant to Smith & Griggs upon the paymaster of the railroad company for eight hundred dollars, was presented by them to the paymaster, and that the latter offered to pay it on condition that Smith & Griggs would sign a receipt (set out in the evidence) acknowledging that it was "in full payment of all claims against H. J. Deal as a contractor for said railway company to this date"; that Smith & Griggs claimed that there was more due them than the eight hundred dollars embraced in this order, and hence refused to receive payment of it on those conditions; that some time afterwards, when in St. Louis, the plaintiff, Nathan Griggs, again presented this order at the office of the railroad company and solicited payment; that the railroad company thereupon showed him a telegram from the defendant, requesting the company to withhold from the amount named in said order the sum of one hundred dollars; whereupon Griggs, under protest, offered to take seven hundred dollars; but that the company was then insolvent, had stopped payments, and he got nothing. The testimony concerning this telegram was objected to by the defendant, on the ground that it was hearsay, and his objection was overruled. The objection was not placed upon the ground that the evidence was secondary, nor was the authenticity of the telegram questioned, but the defendant in his testimony substantially admitted the

sending of it. The objection was that it was "irrelevant, incompetent, as hearsay evidence." We do not think that it was hearsay evidence. It was tantamount to an admission that the balance of seven hundred dollars was due Smith & Griggs, and for that purpose it was competent and relevant.

III. The last instruction given at the request of the plaintiff is complained of. It was as follows:

"If the jury believe, from the evidence, that after the order was given to Griggs and presented by him, and payment thereof refused, the defendant told Griggs to hold on, as that he would pay the amount due him for which the order was given, or any part thereof, then no protest or notice was necessary, and they must find for the plaintiff in such sum as they may find due him on the whole amount. And the jury are further instructed that Griggs was not bound to accept the money when tendered by the paymaster, if such tender was coupled with any conditions that would in any manner prejudice plaintiffs' interests by releasing all claims against H. J. Deal as contractor on the Texas & St. Louis Railroad."

We see nothing in this instruction which, in the light of the pleadings and evidence, can afford just grounds for criticism. This and the other instructions presented the case to the jury in a light as favorable to the defendant as he could justly claim. Although this was a mere order for the payment of money, having no negotiable words, the court treated it as an inland bill of exchange, and gave an instruction tendered by the defendant that it was the duty of plaintiffs to present the same in a reasonable time for acceptance and payment, and if not accepted and paid, to have the same protested, and that if the same was not protested for months afterwards, such conduct would be negligence and would release the defendant from liability; submitting also the question to them whether the defendant had not waived notice of its presentation and dishonor. There was evidence that warranted the inference of such

waiver, and certainly we see no ground in the instructions for reversing the judgment.

IV.   Although the case was tried on a petition containing two counts, the jury returned a verdict assessing the damages at a round sum, without assessing the damages separately under each count, or making a distinct finding under each count.   This was such an irregularity as would have sustained a motion in arrest of judgment ; but, although a motion in arrest of judgment was made, this objection to the verdict was not set up in it.   It was, therefore, waived.   *Sweet v. Maupin*, 65 Mo. 65, 68 ; *Fickle v. Railroad*, 54 Mo. 219 ; *Erdbruegger v. Meier*, 14 Mo. App. 258.

We see no error in the record, and Judge Rombauer concurring, the judgment is affirmed.