CHARLES S. STONE, Respondent, v. THOMAS E. TAYLOR et al., Appellants.

St. Louis Court of Appeals, December 7, 1897.

1. **Mechanics' Lien**: PLEADING: EVIDENCE. In a suit against a building company to enforce a mechanic's lien on certain buildings, as the owner thereof, an objection to the admission of any evidence, on the ground that the petition as amended omitted any allegation of the ownership of the buildings, was properly overruled, where the remaining allegation charged that the company was the owner of the "premises," which was, by intendment, a sufficient allegation that it owned the buildings.

2. **Issue:** INSTRUCTIONS: EVIDENCE: FINDING. Where an issue of fact was submitted to the jury by unobjectionable instructions, and they found against defendants, and the finding was supported by substantial evidence, defendants were concluded thereby.

3. **Practice, Trial:** EVIDENCE: PLEADING: SURPLUSAGE. An objection to the reading of a lien paper in evidence, on the ground that it did not correspond with the averments of the amended petition, was not well founded, where the allegation of the original petition, stricken out by the amendment, was properly treated as surplusage.

4. **Verdict:** WAIVER. A failure to file a motion in arrest of judgment was a waiver of all objections to the verdict.

*Appeal from the St. Louis City Circuit Court.*—HON. HORATIO D. WOOD, Judge.

AFFIRMED.

*Eber Peacock* for appellants.

The court erred in admitting any evidence in support of the amended petition, as it omitted any allegation of the ownership of the buildings. *Cole v. Barron,* 8 Mo. App. 511; *Pensermean v. Pensermean,* 22 Mo. 27; *Bryan v. Rhodes,* 96 *Id.* 485; R. S. 1889, sec. 6709; *Id.,* sec. 6720; *Peck v. Bridwell,* 6 Mo. App. 451.

The court erred in permitting incompetent and illegal testimony to go to the jury, as in the matter of the lien paper, over defendant's objections, the petition not being based on the averments as made therein. The lienor is bound by the statement he files as his mechanics' lien. *Coe v. Ritter,* 86 Mo. 277; *Kling v. R'y Construction Co.,* 7 Mo. App. 410.

The court erred in giving instruction number 2 for plaintiff. *Steimann v. Strimple,* 29 Mo. App. 478; *Givens v. Van Studiford,* 4 *Id.* 498; *Pourcell v. Lewis,* 8 *Id.* 593; *Cohn v. Reed,* 18 *Id.* 115; *Fitzgerald v. Hayward,* 50 Mo. 516; *Hahn v. Colton,* 136 *Id.* 216.

The verdict was irregular in finding for plaintiff and assessing the damages at $84.08, without singling

out either defendant as the debtor, and is against the evidence. *Hassett v. Rust*, 64 Mo. 325; *Schmeiding v. Ewing*, 57 *Id.* 78.

*John B. Roeder* for respondent.

Unless objections to the form of a verdict are made by motion in arrest, they are waived. *Cattell v. Dispatch*, 15 Mo. App. 587; 88 Mo. 356.

The recital that Taylor "is" the owner of the "buildings" is surplusage, and as such it was immaterial that this allegation was omitted in the amended petition. *Cole v. Barron*, 8 Mo. App. 509, *Ranney v. Bader*, 48 Mo. 539.

BIGGS, J.—This is an action by a sub-contractor for a balance due on certain work and to enforce a mechanic's lien on certain buildings upon which the work was done. The suit was begun before a justice of the peace. The defendant Taylor is sued as the original contractor, and the Industrial Real Estate and Building Company as the owner of the buildings. The defendant company admitted its ownership of the buildings, but denied that it had any contract with Taylor to build them. Taylor also denied that he had any such contract. He averred that whatever authority he may have assumed as to the work was as secretary of his codefendant, and that one Richards had the contract for building the houses. The cause was submitted to a jury in the circuit court, which resulted in a verdict and judgment against Taylor for the debt, and the enforcement of the lien against the property. The defendants have appealed. The original complaint

MECHANICS' lien: pleading: evidence.

charged that "the Industrial Real Estate and Building Company is the owner of said premises *and that the defendant Tay-*

*lor is the owner of said buildings*, and that defendant Taylor was the original contractor for said work." In the circuit court the plaintiff was allowed to amend the complaint by striking out the above italicized clause. The defendants objected to the admission of any evidence upon the ground that the effect of the amendment was to omit any allegation of the ownership of the buildings. This objection was properly overruled, as the remaining allegation, to wit, "that the Industrial Real Estate and Building Company was the owner of the premises," by reasonable intendment charged that the company was the owner of the houses. *Cole v. Barron*, 8 Mo. App. 509.

The contention of the defendants that there is no evidence of a contract between Taylor and the real estate company for building the houses, is not well founded. The proof is that Taylor gave directions daily as to the work, and that he held himself out in other ways as a contractor. There is also evidence that he instructed Richards (who claimed to be the superintendent of the work) to employ the plaintiff to do the work, and that the amounts previously paid to plaintiff were received from Taylor upon checks drawn by the defendant company. The claim of Taylor was that he acted in all these matters as the secretary of his codefendant. This issue of fact was submitted to the jury by unobjectionable instructions, and the jury found against the defendants. As there was substantial evidence to support the finding, the defendants are concluded by it. The lien paper also contains the averments that Taylor was the original contractor for doing the work; that the premises were owned by the Industrial Real Estate and Building Company, and *"that Taylor owned the buildings."* Objection was made to the reading of the

ISSUE: instructions: evidence: finding.

**EVIDENCE:**
**pleading: sur-**
**plusage.**
paper in evidence for the reason that it did not correspond with the averments of the amended petition. The averment that Taylor owned the buildings was properly treated as surplusage. He could not have been both a contractor to do the work and the owner. It is admitted that Taylor became the owner of the buildings subsequently to their erection, and that this accounts for the incongruous statements in the petition and lien paper. The verdict of the jury assessed the damages, without naming either defendant as the debtor. Judgment was entered on the verdict against Taylor for the debt. It is contended that the judgment ought to be reversed for this irregularity in the verdict. The defendants, by failing to file a motion in arrest, waived all objections to the verdict. *Cattell v. Dispatch Pub. Co.*, 15 Mo. App. 587. What we have said answers all objections urged against the instructions. Hence there is no necessity to refer to the instructions in detail.

**VERDICT:**
**waiver.**

Finding no reversible error in the record, the judgment of the circuit court will be affirmed. All concur.