D. KLASS COMMISSION COMPANY, Respondent, v.
WABASH RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, April 24, 1899.

1. Common Carriers: CONTRACT AGAINST NEGLIGENCE. A common carrier can not claim an exemption from the consequences of its own negligence, and a contract to that effect will not be upheld.

2. ———: COMPLETION OF CONTRACT. A carrier's contract is not completed by sidetracking cars at its yards, but its obligation continues until delivery at its depot or warehouse where goods are customarily unloaded and delivered.

3. ———: FAILURE TO DELIVER: DAMAGES: SPECIAL CONTRACT: CONSTRUCTION. The measure of damages for failure to carry according to agreement is the difference in the market value of the goods at the time and place when they should have been delivered and the market price at such place when they were in fact delivered, and the stipulation in a bill of lading that the amount of loss or damage shall be computed at the place and time of shipment does not apply to loss occurring for failure to deliver the goods in a reasonable time but rather to injury during shipment.

4. ———: ———: NOTICE: SPECIAL CONTRACT: CONSTRUCTION. And the same interpretation is given to a clause in a contract requiring the plaintiff to give five days' notice of his claim for loss and damage.

5. Appellate Practice: DIFFERENT COUNTS: GENERAL FINDING: MOTION IN ARREST. The appellate court will not reverse for failure of the trial court to find separately on each count of the petition when such alleged error is not covered by a motion in arrest.

*Appeal from the Boone Circuit Court.*—HON. J. A. HOCKADAY, Judge.

AFFIRMED.

GEO. S. GROVER for appellant.

(1) Upon the undisputed facts in the case the judgment should have been for the defendant. First, because the

defendant was not responsible, either at common law or under the contract of shipment for the delay occasioned by circumstances wholly outside of its duty, as well as beyond its control. Balletine v. Railway, 40 Mo. 500; Francis v. Transfer Co., 5 Mo. App. 7; Pruitt v. Railroad, 62 Mo. 527. Second, the measure of damages here sued for is not recoverable in this action, as the terms of the bills of lading preclude it, and such terms are valid. Ins. Co. v. Transportation Co., 117 U. S. 322; Kellerman v. Railway, 136 Mo. 177. Third, the defendant was never liable as a carrier, under this contract, after the arrival of this clover seed at Toledo. Gashweiler v. Railway, 83 Mo. 112; Buddy v. Railway, 20 Mo. App. 206; Milling Co. v. White Line, etc., Co., 122 Mo. 258. Fourth, the failure to give notice of the claim, as required by the terms of the contract of shipment, bars this action. Dawson v. Railway, 76 Mo. 516; Brown v. Railway, 18 Mo. App. 568; Thompson v. Railway, 22 Mo. App. 326. (2) There was a general finding or verdict without specifying which count of the petition it was intended to cover. This is a fatal error. Owens v. Railroad, 58 Mo. 386.

ODON GUITAR and W. H. TRUITT, JR., for respondent.

(1) We hold that "upon the undisputed facts in the case," the judgment must have been for the plaintiff, and that appellant's contention to the contrary finds no support in the reasons he assigns or the authorities he cites. Tucker v. Railway, 50 Mo. 385; Faulkner v. Railway, 51 Mo. 311; Pruitt v. Railway, 62 Mo. 527; Dawson v. Railway, 79 Mo. 296; Ball v. Railway, 83 Mo. 574; Leonard v. Railway, 54 Mo. App. 293; McFadden v. Railroad, 92 Mo. 343; Milling Co. v. Transit Co., 122 Mo. 258; Kellerman v. Railway, 136 Mo. 177; Gashweiler v. Railway, 83 Mo. 112; Buddy v. Railway, 20 Mo. App. 206; Am. and Eng. Ency. of Law [2 Ed.], 274, note 1. (2) Whether it was or not error to render a general verdict and judgment on two counts in the petition,

is of no moment in this case, as there was no motion in arrest filed in the cause and hence no legal objection made or exception saved to the action of the court. Stone v. Taylor, 72 Mo. App. 482; Cattel v. Pub. Co., 15 Mo. App. 587; Griggs v. Deal, 30 Mo. App. 152; Erdbruegger v. Meier, 14 Mo. App. 258; Kurz v. Turley, 54 Mo. App. 237; Club v. Finlay, 53 Mo. App. 256.

GILL, J.—This is an action in two counts for damages arising from defendant's failure to carry and deliver in proper season two car loads of clover seed which plaintiff in September, 1897, shipped over defendant's road from Columbia, Missouri, to Toledo, Ohio. One car load was shipped from Columbia on September 6, and the other September 16. Both arrived at Toledo in due season, but the cars were kept on a sidetrack in defendant's freight yards—one about twenty days and the other two weeks—before being unloaded and delivered at defendant's freight depot or warehouse. During this delay in delivering the seed it declined in market price at Toledo, so that plaintiff suffered loss in disposing of the same. The case was tried by the court, sitting as a jury, resulting in one general finding and judgment for plaintiff in the sum of $303.90 and defendant appealed.

I. The only instruction asked was in the nature of a demurrer to the evidence. This was refused, and the principal question is therefore raised whether or not there was evidence to sustain the court's finding and judgment. On a careful consideration of the record we find the judgment of the trial court well supported by the facts proved. For a moneyed consideration paid to it, the defendant, as a common carrier, undertook to transport over its own line the two car loads of clover seed belonging to plaintiff from Columbia, Missouri, to Toledo, Ohio. Plaintiff's purpose was to place the seed on the good market then existing at Toledo. The seed was consigned to certain commission agents at Toledo who were to receive and sell it for plaintiff's account. Within a day or two after

shipment from Columbia the respective cars arrived at Toledo, but were not unloaded and delivered to said commission agents for nearly three weeks after the arrival of one and quite two weeks after the arrival of the other. The evidence shows that promptly on the arrival of the cars at Toledo plaintiff's agent paid the freight charges and asked for delivery of the seed. Defendant's agent however postponed delivery from day to day, claiming that the warehouse used for unloading and delivering such seed was so filled and occupied that there was not sufficient room for handling that of the plaintiff. When the seed was at last unloaded at the warehouse and delivered, the market price, as already stated, had so declined that in the sale thereof a loss occurred to plaintiff.

Whatever now may be said as to the proper construction of the receipt or bill of lading issued by the defendant when it undertook to carry this freight, it is well settled that defendant can not claim exemption from the consequences of its own negligence. A contract to that effect will not be upheld.

COMMON carriers: contract against negligence.

Having accepted plaintiff's property for carriage, it was defendant's duty to "transport and deliver the same, *without unnecessary delay,* according to contract." R. S. 1889, sec. 2589. The evidence tended to prove unnecessary and negligent delay in delivering the seed at point of destination. Defendant's contract of carriage was not complete when these two car loads of seed were sidetracked in its yards at Toledo. Its obligation as a carrier continued until delivery or offer of delivery was had at the depot or warehouse where such goods were customarily unloaded and delivered. It is then when the relation of carrier ceases and that of warehouseman begins. Gashweiler v. Railway, 83 Mo. 112; Milling Co. v. Transit Co., 122 Mo. 258, 274; Buddy v. Railway, 20 Mo. App. 206; 5 Am. and Eng. Ency. of Law [2 Ed.], 274.

——: completion of contract.

Under the evidence in this case the court was justified in finding that defendant's agents failed to exercise even ordinary diligence in unloading and delivering the seed in question. No reasonable excuse is shown for the long delay. Even conceding that the warehouse was temporaily obstructed by an accumulation of freight, it was clearly within defendant's power by the exercise of reasonable effort to have cleared away the obstruction and to have delivered plaintiff's seed long before it did. "Such circumstances operate as an excuse for delay only when they are not avoidable by the exercise of reasonable care." 5 Am. and Eng. Ency. of Law 256, and cases cited.

The evidence then tending to establish negligence on the defendant's part, in that it failed, without just cause or excuse, to carry and deliver the goods within a reasonable time, it becomes unnecessary to determine whether or not the bills of lading issued by defendant qualified its common law liability. For as already stated, the carrier can not contract for an exemption from the consequences of its own negligence. Dawson v. Railroad, 79 Mo. loc. cit. 300, and cases cited.

II.   It is further contended that the trial court erroneously fixed plaintiff's damages on the basis of the market value

——: failure to deliver: damages: special contract: construction.

of the clover seed at Toledo, whereas by the bills of lading it should have been based on such value at Columbia, the point of shipment. Aside from any special agreement, the undoubted rule is that the measure of damages in such cases is the difference in the market value of the goods at the time and place when they should have been delivered and the market price at such place when they were in fact delivered. The sixth clause in the bill of lading, however, provides, "that the amount of loss or damage accruing to the owner of said goods, in so far as the same shall fall upon this or any connecting carrier shall be computed at the value or cost of said goods at the place and time of shipment, and that the railroad company or carrier paying such loss shall have

the full benefit of any insurance that may have been effected upon or on account of said goods."

In our opinion this clause in the contract was not intended to apply to damages of the nature here sued for. The "loss or damage" there referred to was meant to cover the *loss* or damage done to the goods themselves, and does not cover the owner's damage sustained by reason of a mere failure to carry and deliver the goods in a reasonable time. The last sentence, providing that the carrier shall be entitled to the benefit of insurance taken, adds force to this construction.

The same answer may be made to the further claim that plaintiff is barred of his action because of his failure to give the five days' notice of his claim "for loss or damage" provided in the fifth clause of the bill of lading. Such loss or damages have no reference to what the shipper may have suffered by change in the market during the negligent delay in delivering the goods. This exact point was noticed in Leonard v. Railway, 54 Mo. App. 293.

——: ——: notice: special contract: construction.

Neither is defendant in a condition to complain of the court's failure to find separately on each count of the petition, since the alleged error was not covered by a motion in arrest. Erdbruegger v. Meier, 14 Mo. App. 258; Griggs v. Deal, 30 Mo. App. 152; Club v. Finlay, 53 Mo. App. 256; Stone v. Taylor, 72 Mo. App. 482.

APPELLATE practice: different counts: general finding: motion in arrest.

No prejudicial error appearing, the judgment will be affirmed. All concur.