J. F. YOUNT, Respondent v. WABASH RAILROAD
COMPANY, Appellant.

Kansas City Court of Appeals, May 3, 1909.

COMMON CARRIERS: Liabilities: Delivery. A carrier of fruit
trees is liable as such until they are delivered to the consignee
by being placed so that he may unload the same, or until the
discharge of the goods from the car.

Appeal from Chariton Circuit Court.—*Hon. J. P.
Butler,* Judge.

AFFIRMED.

*James L. Minnis* and *James C. Wallace* for appel-
lant; *Crawley & Rucker* of counsel.

(1)   In the first place there is not one word of evi-
dence in support of the allegation that the car was de-
layed in transit.   (2)   The consignment being made to
the owner of the goods and he being advised of the time
ordinarily required to make the run, it was his duty to
be on hand when the car arrived, and to unload it within
a reasonable time thereafter.   Hutchinson, Carriers, sec.
386; Freeman v. Railroad, 118 Mo. App. 534; Rankin v.
Railroad, 55 Mo. 167; Gashweiler v. Railroad, 83 Mo.
112; Eaton v. Railroad, 12 Mo. App. 386; Buddy v. Rail-
road, 20 Mo. App. 206; Herf, etc., Co. v. Railroad, 70 Mo.
App. 274; Ross v. Railroad, 119 Mo. App. 290; 4 Elliott,
Railroads, sec. 1464.   (3)   Respondent was under no
contractual obligation to deliver the nursery stock to his
customers on any particular day.   The orders taken by
his salesmen were silent as to time of delivery.   The law
gave him a reasonable time to deliver—and that test was
unaffected by his failure to begin delivery on the precise
day selected by him for that purpose.   2 Page, Cont.,
sec. 1154; 2 Pars., Cont. (9 Ed.), *p. 535, bot. p. 687;
2 Mechem, Sales, secs. 1129, 1130; Tiedeman, Sales, sec.
100.

*J. A. Collet* for respondent.

(1)   That the car of nursery stock was not delivered to plaintiff's agent until more than two days after it should have been delivered was abundantly proven and not disputed by any witness.   It was not sufficient that the car reached Springfield on time.   If left in the yards where it could not be unloaded, it had just as well been left at some station on the road between Brunswick and Springfield, or at Brunswick where it was loaded, so far as the practical effect was concerned.   The trial court's instruction submitting this question to the jury was proper.   Russell Grain Co. v. Railroad, 114 Mo. App. 488; Ratliff Bros. v. Railroad, 118 Mo. 644; Ingwersen v. Railroad, 116 Mo. App. 139; Bushnell v. Railroad, 118 Mo. App. 618;  Commission Co. v. Railroad, 80 Mo. App. 164.   (2)   There was abundant evidence showing that plaintiff sustained loss largely in excess of the amount awarded by the jury, and that he used such care and employed such means as a reasonably prudent person would have used under the circumstances to avert damage and injury, and there was not a word or syllable of evidence to the contrary.   These questions were finally and conclusively settled by the verdict of the jury.   Culbertson v. Hill, 87 Mo. 553; Hull v. Railroad, 60 Mo. App. 593;  State v. McGuire, 193 Mo. 215;  Brecker v. Fillingham, 209 Mo. 578; Buddy v. Railway, 20 Mo. App. 206.   (3)   The issue advanced by appellant in its brief, that the "Frisco" was only a warehouseman, and that defendant's liability as a carrier ended when the car was landed at Springfield on time, was not tendered in the trial of the case in any way, shape or form.   The theory upon which the case was tried in the trial court is the theory upon which the case will be disposed of here. Kilpatrick v. Wiley, 197 Mo. 123; Atterbury v. Hopkins, 122 Mo. App. 172; James v. Casualty Co., 113 Mo. App. 622; Cobb v. Houston, 117 Mo. App. 645.

ELLISON, J.—This action was instituted to recover damages resulting to plaintiff in the delay in complete transportation of a carload of nursery stock from Brunswick, in northern Missouri, to Springfield, in southern Missouri. The judgment in the trial court was for the plaintiff.

It appears that plaintiff had taken orders of a number of people in the vicinity of Springfield for delivery to them at Springfield of various kinds of fruit trees on Tuesday, October 29, 1907. The car was loaded at Brunswick in the afternoon of Wednesday preceding. Defendant's agent at Brunswick was notified of the purpose of the shipment and that it would take some time after arrival of the car at Springfield to unload and prepare the stock for delivery to the several purchasers as agreed upon with them. It is of no consequence to look into the precise time that the car got into Springfield since it is conceded to have arrived in due time. The complaint is as to delay in the delivery to plaintiff. His agent called at the railway office early Monday morning; he found the car was in the freight yards, whereupon he paid the freight and was assured "the car would at once be set on the team track where it could be unloaded." Men and drays were then sent to the team track by plaintiff's agent, but the car was not at hand. The railway was repeatedly notified, but to no purpose, when, after two days, plaintiff's agent by paying a "switch boy" a dollar, was successful in getting the car placed. Plaintiff's customers called for their purchases on Tuesday and on Wednesday as many as could be induced to do so accepted their purchases, but those not supplied on Wednesday refused to accept delivery after that. The evidence tended to show loss and damage to the plaintiff, the detail of which need not be stated since it was fully as much as the amount of the verdict.

The instructions in the case set forth for each party, in clear terms, the theory of each. Those for plaintiff required not only that the shipment should arrive at

Springfield in a reasonable time, but that it should be delivered to plaintiff by being placed so that he might be able to unload it. [Russell Grain Co. v. Railway, 114 Mo. App. 488; Commission Co. v. Railway, 80 Mo. App. 164.] There is nothing in the point as to defendant's liability being only that of a warehouseman. Its liability as a carrier continued until the discharge of the goods from the car. [Buddy v. Railway, 20 Mo. App. 206.]

There were some other points presented to which we need not refer further than to say that there is nothing in the record which justifies the appeal, and we affirm the judgment. All concur.