## Warren Land Company, Appellee, v. Chicago, St. Paul, Minneapolis & Omaha Railway Company, Appellant.

## Gen. No. 20,598.

1. CARRIERS, § 102*—*when carrier liable for delay.* A carrier is liable for delay in the shipment of merchandise, even though increased traffic causes such delay, and the shipper knows of the increased traffic, where such carrier continues to receive shipments without giving notice that they would be accepted subject to delay.

2. CARRIERS, § 102*—*what is duty of carrier when delay may be anticipated.* A carrier has no right to accept shipments which the law presumes will be delivered within a reasonable time unless otherwise stipulated, when it knows or by the exercise of reasonable care should know that delay is inevitable.

3. CARRIERS, § 106*—*what will be presumed in action for delay in shipment.* It will be presumed that a carrier by the exercise of reasonable care should have had knowledge of a congested condition of traffic in shipments of hay, when similar conditions existed during several years prior thereto.

4. CARRIERS, § 100*—*what is not excuse for delay in shipment.* Where a bill of lading provided for storage of property shipped if not removed by the consignee within a certain period, a contention of the carrier in a suit by the consignee for delay, that such delay was caused by the congested condition of the terminal tracks due to the failure of consignee to remove the goods which arrived, would not excuse the carrier's delay.

5. CARRIERS, § 110*—*what is measure of damages for delay at common law.* At common law the measure of damages in case of a delayed shipment is the difference between the market value of the goods at the time and place they should have been delivered and the value at the time and place of actual delivery.

6. CARRIERS, § 108*—*when evidence as to damages for delay insufficient.* In an action for delay in a shipment of hay by a carrier, where the plaintiff introduced evidence as to the value of such hay at the time and place of shipment, but gave no evidence as to the value

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

158    APPELLATE COURTS OF ILLINOIS.

Warren Land Co. v. Chicago, etc., Ry. Co., 195 Ill. App. 157.

at the time and place it should have been delivered, there was no evidence from which the jury could arrive at the proper measure of damages, and an instruction as to the measure of damages was erroneous.

Appeal from the County Court of Cook county; the Hon. J. E. HILLSKOTTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 6, 1915.

**Statement by the Court.** This was an action brought in the County Court of Cook county by the Warren Land Company, appellee, hereinafter referred to as the plaintiff, against the Chicago, St. Paul, Minneapolis & Omaha Railway Company, appellant, hereinafter designated as the defendant, for damages because of delay in the arrival of four carloads of hay delivered by plaintiff to the defendant at Warrens, Wisconsin, for shipment to Chicago, Illinois, during the month of May, 1912. The declaration consisted of four counts, and the gravamen of the charge in each count was substantially the same, namely, that on certain days in May, 1912, plaintiff delivered certain quantities of baled hay for transportation to Chicago, and that the defendant did not perform its duty in regard to said shipment but negligently delayed the carriage and delivery thereof to the consignee at Chicago for a time beyond what was reasonable, whereby as a direct consequence of the said wrongful, negligent and careless conduct of the defendant, the market value of said hay greatly depreciated and declined from what it would have been if said hay had been carried and delivered by the defendant to the consignee at Chicago within a reasonable time.

To this declaration a plea of general issue was filed, and on the trial below the jury returned a verdict in favor of the plaintiff for $265.90, upon which verdict the court entered judgment, to reverse which defendant has prosecuted this appeal.

CHARLES A. VILAS and IRA C. BELDEN, for appellant; WILLIAM G. WHEELER, of counsel.

LEWIS S. EATON, for appellee.

MR. JUSTICE PAM delivered the opinion of the court.

On the trial below, plaintiff offered in evidence the four bills of lading covering the shipments in question, all of which were alike in form differing only as to the car numbers and quantities of hay shipped. The delay complained of in the declaration and proven by the evidence, consisted of the time that elapsed between the date of arrival of the cars upon the terminals of the Chicago & Northwestern Railway, the connecting and final carrier, and the time the cars were placed upon the team track for unloading. The dates of arrival of the cars upon the terminal of the Chicago & Northwestern Railway were stipulated. The dates of placement upon the team track for unloading were proven by the plaintiff. The plaintiff in its declaration set forth the number of days the delivery of each car was delayed. Defendant admitted the delay proven in the arrival of the cars on the terminal tracks and the time of their placement on the team track; but in explanation of this delay, offered evidence showing that during the months of May and June, 1912 (the period during which the shipment of the hay in question was made), there was an unusual and extraordinary quantity of hay shipped to Chicago over the line of the Chicago & Northwestern Railway Company; that during the said months there were from 530 to 540 cars on hand at the Chicago & Northwestern terminal at Chicago which could not be delivered to its team tracks because the latter were constantly filled to capacity. Evidence was also offered to show that no discrimination was made in favor of any other commodity shipped during this period. Certain tabulated statements and statistics were offered in evidence, and objections to their admission were sustained, and from an examina-

tion of the record, we think properly so. Such evidence was at best merely cumulative, being compilations in tabular form, of conditions with reference to the unusual and unprecedented congestion testified to by the various witnesses on behalf of the defendant.

The defendant contends that as such testimony was not contradicted, it should have been considered by the court as a complete defense to the claim of the plaintiff; and in support thereof cites, among other authorities, several Illinois cases. These cases, however, as we read them, are so dissimilar in the facts that they can have no application to the case at bar. The court, in its instruction, placed before the jury the correct principles of law applicable to the line of evidence offered in defense of plaintiff's claim. In connection with this instruction, we must consider the further testimony in evidence, that this congested condition which defendant stated was unusual and unprecedented, was one which had prevailed not only during the year 1912, but also during the years 1910-1911; furthermore, there was no evidence to show that defendant had called plaintiff's attention to this condition or had accepted the shipment subject to the delay by reason of these conditions. While defendant argues that the representative of the plaintiff in Chicago knew of such condition and that this constituted notice to the plaintiffs, yet the decisions hold that knowledge even by the plaintiffs themselves would not bar a recovery where the carrier knowingly continues to receive shipments without notifying the shipper that the shipment would be accepted subject to delay in delivery.

The holding of this property by the defendant upon its terminal tracks is not unlike holding same in storage. Defendant admits that, located as these cars were on its terminal tracks, they were inaccessible, and only when placed on the team track could the consignee make disposition of the shipment for the shipper. Defendant had no right to accept shipments (which the

law presumes will be delivered within a reasonable time unless otherwise stipulated) when it knew, or by the exercise of ordinary care should have known, that delay was inevitable. And in view of the evidence that similar conditions prevailed on defendant's terminal tracks during several years previously thereto, it is fair to presume that by the exercise of reasonable care, the defendant should have had knowledge of this congested condition. *Great Western Ry. Co. of Canada v. Burns,* 60 Ill. 284; *Illinois Cent. R. Co. v. Cobb, Christy & Co.,* 64 Ill. 128.

Section 5 of the bill of lading provided as follows:

"Property not removed by the party entitled to receive it within forty-eight hours (exclusive of legal holidays) after notice of its arrival has been duly sent or given may be kept in car, depot, or place of delivery of the carrier, or warehouse, subject to a reasonable charge for storage and to carrier's responsibility as warehouseman only, or may be, at the option of the carrier, removed to and stored in a public or licensed warehouse at the cost of the owner and there held at the owner's risk and without liability on the part of the carrier. * * * *"

Therefore, the additional claim made by defendant that the congestion was due to the failure of the consignee of this particular shipment, and of consignees of other shipments, to unload the cars after they were placed upon the team track would not excuse defendant's delay, as it had by its contract expressly provided a remedy to relieve a condition brought about by the failure of consignees to unload cars after they were placed on the team track. Even without such provision as contained in section 5 of the bill of lading, under *Illinois Cent. R. Co. v. Cobb, Christy & Co., supra,* delay on the part of a shipper or his representative, in unloading cars placed on the team track, does not excuse the defendant. Every benefit that the defendant was entitled to under its evidence was given it by the court in its instruction to the jury, who, by

their verdict, were evidently of the opinion that such evidence did not absolve the defendant from the negligence charged in the declaration. And after a careful examination of the record, we believe the jury were warranted in arriving at that conclusion.

Defendant, however, complains of the instruction with reference to the measure of damages, which, as given by the court in its instruction, was based upon the first paragraph of section 3, which is as follows:

"The amount of any loss or damage for which any carrier is liable shall be computed on the basis of the value of the property (being the bona fide invoice price, if any, to the consignee, including the freight charges, if prepaid) at the place and time of shipment under this bill of lading, unless a lower value has been represented in writing by the shipper or has been agreed upon or is determined by the classification or tariffs upon which the rate is based, in any of which events such lower value shall be the maximum amount to govern such computation, whether or not such loss or damage occurs from negligence."

There can be no doubt that at common law the measure of damages, in case of a delayed shipment, is the difference between the market value of the goods at the time and place they should have been delivered and the value at the time and place of actual delivery. Plaintiff, however, contends that the parties, by section 3 of the bill of lading, provided for a different measure of damages, namely, the difference between the value at the place and time of shipment, plus the freight charges, and the value of the property at the time and place of actual delivery. Defendant insists, however, that said section 3 has no reference to any loss or damage arising from delay, but only to loss or damage sustained by the goods themselves, namely, to the substance of the property shipped; and that the measure of damages for the delay in question is the one that prevails at common law. We have already set out that part of section 3 upon which plaintiff relies

in support of its contention. Defendant argues that the other paragraphs in the same section show conclusively that the loss or damage referred to in the paragraph relied upon by plaintiff does not apply to damage by reason of delay. The said section 3, after the paragraph already set out, provides as follows:

"Claims for loss, damage, or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property. * * * Unless claims are so made the carrier shall not be liable.

"Any carrier or party liable on account of loss or damage to any of said property shall have the full benefit of any insurance that may have been effected upon or on account of said property, so far as this shall not avoid the policies or contracts of insurance."

Defendant points out that the absence of the word "delay" in the paragraph relied upon by the plaintiff, and its presence in the paragraph immediately following, is an indication that the word "delay" was intentionally omitted in the preceding paragraph, because, obviously, damage occurring to a party by reason of delay cannot properly or logically be measured by the value at the point of origin. We believe there is much force in this contention. In an action for damages occasioned by delay, necessarily there must be proof of the value of the property at the time and place it should have been delivered, for, without such evidence, proof of the value of the property when actually delivered establishes nothing, for unless it appears that the value of the property at the time and place it should have been delivered was more than the value of the goods at the time of actual delivery, the delay could not have resulted in any damage. Moreover, the concluding paragraph which refers to the right of the carrier or party liable, to have the benefit of insurance effected upon or on account of said property, lends additional force to this construction. It therefore appears to us that the contention of the defendant that section 3 of

the bill of lading has no application to damage caused by delay of the shipment is not only reasonable and just, but that any other construction would be inconsistent with reason and lead to confusion in arriving at the proper damages.

Plaintiff, in offering evidence as to the damages sustained by it, introduced evidence only with reference to the value of the property at the time and place of shipment, giving no evidence whatever as to the value thereof at the time and place it should have been delivered. The court, in its instruction to the jury, adopted the measure of damages contended for by the plaintiff, refusing that contended for by the defendant. Clearly, therefore, not only did the court improperly instruct the jury, but there was no evidence from which the jury could have arrived at the proper measure of damages. *Klass Commission Co. v. Wabash R. Co.*, 80 Mo. App. 164; *Byers v. Southern Exp. Co.*, 165 N. C. 542; *Morrow v. Missouri Pacific Ry. Co.*, 140 Mo. App. 200. Therefore, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*