WILLIAM M. BAKER, Appellant, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Respondent.

19 321!
34 110

### Kansas City Court of Appeals, November 9, 1885.

CONTRACT OF SHIPMENT—STIPULATION FOR NOTICE IN CASE OF LOSS—CASE ADJUDGED.—Where a contract of shipment contained a stipulation that the shipper " agrees as a condition precedent to his right to recover any damages for loss or injury to the stock, he will give notice in writing of his claim, etc., before such is removed from place of destination, etc.," and it is alleged as a reason for not making such claim for damages, "that defendant by its own wilful act rendered it impossible by refusing to deliver to him the stock at the point of destination, but sent them on another railway line against plaintiff's protest, to a station one hundred miles distant from any office of defendant ; that he first discovered the damage done after the delivery to him at the original place of destination, and did not discover it sooner by reason of defendant's wrongful conduct." *Held* that petition contains a clear cause of action, and that the holding of the trial court to the contrary was error. *Held* further, that the "removal" in this case was by defendant, and not by plaintiff, but against his protest.

APPEAL from Moberly Court Common Pleas, HON. G. H. BURCKHARTT, Judge.

*Reversed and remanded.*

Statement of case by the court.

This is a suit for damages on account of injury to a lot of sheep shipped by plaintiff, on defendant's road, from Moberly, Missouri, to Cisco, Texas. The shipment was under a contract containing the following stipulation :

"And for the consideration before mentioned, said party of the second part further agrees that as a condition precedent to his right to recover any damages for any loss or injury to the stock he will give notice in writing of his claim therefor to some officer of the said party of the first part, or its nearest station agent, before said stock is removed from the place of destination or

from the place of delivery of the same to the said party of the second part, and before such stock is mingled with other stock.''

The petition contained the following allegation in regard to said stipulation, as an excuse for not complying therewith :

''Plaintiff says he did not, at the time he first ascertained his said car load of sheep were damaged, file a written claim for his damage in an office of defendant, as required by his contract, for the reason that a compliance with said requirement of said contract was rendered impossible on this plaintiff's part by the wrongful acts and wilful negligence of defendant in refusing to deliver him his said car load of sheep at Cisco station, and sending them, contrary to plaintiff's wishes, to said Albany station, one hundred miles distant from any office of defendant. Plaintiff says he first ascertained the damage suffered by his said car load of sheep after they were delivered to him at said Albany station, and that by reason of defendant's wrongful conduct he was prevented from ascertaining the fact sooner, and that after said sheep were finally delivered to him, he was compelled to stay with them and care for them to prevent greater loss.''

Plaintiff began his case by introducing in evidence the portion of the shipping contract above set out, and thereupon offered himself as a witness. Defendant objected to any further testimony in the case, on the ground that under the contract and under the pleading plaintiff could not recover. This objection was sustained, and plaintiff took a non-suit with leave, and after the overruling of his motion to set aside the non-suit, duly appeals.

PORTER & WALLER, for the appellant.

I. A common carrier cannot stipulate for exemption from responsibility for the negligence of himself or servants. *Railroad v. Lockwood*, 17 Wall. (U. S.) 357 ; *Ketchum v. Express Co.*, 52 Mo. 421 ; *Dawson v. R. R.*, 79 Mo. 296.

II. If defendant, by its wrongful acts, negligence and misconduct, prevented plaintiff from ascertaining the damaged condition of his stock before they were removed from their place of destination, then plaintiff's failure to give notice is excused. *Rice v. K. P. Ry. Co.*, 63 Mo. 314; *Dawson v. Ry. Co.*, 76 Mo. 514.

W. A. MARTIN, for the respondent.

I. Defendant had a right to make this contract under the law. *Ketchum v. Express Co.*, 52 Mo. 390; *Reed v. R. R. Co.*, 60 Mo. 199; *Rice v. K. P. Ry. Co.*, 63 Mo. 314; *Express Co. v. Caldwell*, 21 Wall. (U. S.) 264.

II. Appellant is suing on the contract, although he admits he has failed to perform his part. This he cannot do. 2 Parsons on Contracts (5 Ed.) 522, *et seq.* He must do what the contract requires before he can recover on it. *Ibid*, 679.

III. Plaintiff has no such standing in this case as plaintiff had in *Rice v. K. P. Ry. Co.*, *supra*. Rice did all he could to make the required demand, and actually made it within three days.

ELLISON, J.—The ruling of the trial court is evidently based on the idea that the matters set forth in plaintiff's petition were not sufficient to excuse plaintiff from complying with the contract. We think this was error. The petition alleges that he did not make his claim for damages as required, for the reason that defendant, by its own wilful act, rendered it impossible, by refusing to deliver to him the sheep at the point of delivery and destination, but on the contrary in sending them on another railway line, against plaintiff's protest, to a station one hundred miles distant from any office of defendant. That he first discovered the damage done after the delivery to him at Albany, and that he did not discover it sooner by reason of defendant's wrongful conduct.

We think this presents a clear excuse for plaintiff.

If we should hold it was not, it would be tantamount to affirming that defendant could avoid all its shipping obligations under contracts of this sort by the simple device of wilfully and wrongfully taking its freight to a point where it would be out of plaintiff's power to give them the notice required. It is not allowable that defendant can prevent a fulfillment of the contract and then assert this same non-compliance which it brought about as its discharge for its own breach. Besides, by the terms of this contract, it will be seen that the notice must be given before said stock is *removed* from the place of destination. This evidently means before it is removed by plaintiff or by his authority ; but in this case, plaintiff did not remove the stock from Cisco, the place of destination. The removal was by defendant, and against plaintiff's protest. The object of the contract was to prevent plaintiff from removing the stock till defendant had had an opportunity to examine into, for itself, the alleged damage.

The judgment is reversed and the cause remanded for trial. All concur.