MARY L. BURDICK, Respondent, v. SECURITY LIFE ASSOCIATION, Appellant.

Kansas City Court of Appeals, January 2, 1899.

1. **Life Associations**: GENERAL AGENT: SECRET RESTRICTIONS: KNOWLEDGE OF BENEFICIARY.   Any limitation upon the authority of the general agent of a foreign life insurance company must be brought home to the knowledge of the beneficiary in order to invalidate his claim, and secret restrictions can not have that effect.

2. ———: ———: EFFECT OF STIPULATION AGAINST WAIVER: EVIDENCE. A life insurance company can not by restrictions on the power of its officers and agents acting within the real or apparent scope of their authority incapacitate itself to exercise its otherwise lawful authority to waive by the acts of its officers and agents *in pais* the conditions and stipulations of its policies; but in this case there is no evidence showing a waiver.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED AND REMANDED.

SCOTT J. MILLER for appellant.

(1) The general manager, Grady, was bound by the express terms of his written contract.   An agent bound by a contract can not act without the scope of said contract.   (2) Plaintiff in this case, and deceased, Franklin L. Burdick, are bound by the express terms written in the contract, or policy of insurance.   Under article 4, "No agent of the association is authorized to change, alter, or waive any of the conditions of this

contract or to waive any forfeiture thereof, and any such act to be valid, must be done in writing signed by the president or secretary of the association.'' (3) Even if Grady did accept premiums after he had knowledge (and there is no evidence of this fact) of Burdick having Bright's disease, this would be no waiver of the terms of the policy, without the fact was conveyed to the officers of the association, and their written consent had in accordance with article 4, of said written contract of insurance given to Burdick. According to the terms of the policy, the written assent or waiver of the president or secretary was necessary in accepting the policy, and this condition was accepted. (4) Knowledge of the agent is not binding on the company, unless communicated to the company, and no waiver can originate that way. Ward v. Ins. Co., 33 Atl. Rep. 902; Ins. Co. v. May, 35 S. W. Rep. (Tex.) 829; Taylor v. Taylor. 29 S. W. Rep. (Tex.) 1057; In re Distilled Spirits, 11 Wall, 356; Brown v. Coal Co., 72 Fed. Rep. 96; Ins. Co. v. Wolff, 95 U. S. 326; Manning v. Ins. Co., 100 U. S. 693; Haysler v. Owen, 61 Mo. 270; Johnson Co. v. Lowe, 72 Mo. 637; Ryan v. Ins. Co., 41 Conn. 168; Clemens v. Ass'n, 30 N. E. Rep. (N. Y.) 496.

CROSBY JOHNSON, JOHN E. WAIT, E. R. SHEETZ and FRANK SHEETZ for respondent.

(1) Grady was general agent of defendant and waived forfeiture, if any. Hamilton v. Ins. Co., 94 Mo. 353; Burnham v. Ins. Co., 56 Mo. App. 582; M. & S. Co. v. Ins. Co., 62 Mo. App. 293. This policy must be construed by the law of Iowa. Said v. Stromberg, 55 Mo. App. 438; Estes v. Nell, 140 Mo. 639; Burley v. Hitt, 54 Mo. App. 272; Sharp v. Knox, 48 Mo. App. 169. (2) Receipt by Grady of a premium

on the policy after he knew of Burdick's misrepresentations, and after he knew Burdick was afflicted with Bright's disease, was a waiver by the company of the conditions of the policy. Ins. Co. v. Koehler, 168 Ill. 293; 61 Am. St. 108; Ins. Co. v. Wolff, 95 U. S. 386; Walsh v. Ins. Co., 30 Iowa, 133; 6 Am. Rep. 664. (3) Knowledge of Grady of violation of conditions will be imputed to the company. Pelkington v. Ins. Co., 55 Mo. 172; Hayward v. Ins. Co., 52 Mo. 181.

SMITH, P. J.—This is an action which was brought by the plaintiff against the defendant—an insurance association incorporated under the laws of the state of Iowa and duly licensed to do business in this state—on a joint certificate of membership issued by the defendant to the plaintiff and her husband, Franklin L. Burdick, since deceased, whereby the defendant agreed in the event of the death of either of them during their membership to pay $1,000 to the survivor, etc.

The defenses pleaded by the defendant's answer to the action were, that the plaintiff and the deceased by joint and separate instruments in writing made application to the defendant for the said certificate sued on; that said applications by the terms of said certificate were made a part thereof; that the statements therein contained became warranties; that the plaintiff, by the terms of said certificate, warranted the statements contained in said applications to be full and true and agreed that if any of the said statements were false the certificate should be void, etc. It is therein further alleged that the deceased, in answer to certain questions contained in his application, stated that he had no physician; that the physicians who had treated him or who had been consulted by him were deceased and that he had been last treated by a physician eighteen

PLEADINGS.

years prior to the signing of the application; that said statements were untrue in that the deceased had a physician; that the physicians whom he consulted and by whom he had been treated were not deceased; that it had not been eighteen years since he had been treated by a physician; and that he had consulted and had been treated by physicians in each of the six years preceding the making of the application, etc.

These allegations of the answer were put in issue by the general denial contained in the replication. The cause was tried by the court without the aid of a jury.

Two instructions for plaintiff were given by the court declaring the law of the case as requested by her. These instructions are not presented for our review by the abstract of the record. The court on its own motion gave an instruction in effect declar-INSTRUCTIONS. ing the defendant to be an assessment company upon the plan provided in article 3, chapter 89, Revised Statutes.

The defendant by several other instructions requested the court to declare that, if it was found from the evidence that the deceased had committed a breach of the several warranties alleged in the answer, the plaintiff could not recover. To each of these the court added this modification, namely: "Unless the court further finds that, with a knowledge of the breach of warranty, the general manager of the defendant afterward collected of deceased premiums on said policy." The plaintiff objects that the said instruction given by the court on its own motion is an incorrect expression of the law, but as the judgment is in her favor and she is not appealing, we are not obliged to notice her objections thereto. As the defendant had a consideration of the case by the court upon each of the several theories presented by its instructions, with the modification annexed by the court, it would seem that about

the only question remaining for us to consider is whether the court erred in its action annexing said modification.

The undisputed evidence shows that Grady was from the time of the issue of the certificate to that of the death of the plaintiff's husband the general agent of the defendant in this state. But it is insisted by the express terms of the articles of agreement entered into between him and the defendant, and by virtue of which he was appointed the general manager of the defendant for this state, certain limitations were thereby imposed on his authority. In the first clause of said articles it was stipulated that he should have no authority to waive forfeiture of any policy of insurance in said association. But by the terms of the fifteenth clause it was provided that: "The agreement should be treated and held strictly confidential between the parties thereto and any disclosure should be sufficient cause for its annulment and relinquishment of all rights accruing thereunder." This secret limitation, it seems, was never disclosed by Grady during the lifetime of the plaintiff's husband. As far as the public or the plaintiff and her husband knew he was the general agent of the defendant intrusted with the transaction of its business in this state, unhampered by limitations on his authority of any kind.

*Life associations: general agent: secret restrictions: knowledge of beneficiary.*

It has been held that any limitation upon the authority of the agent of a foreign life insurance company must be brought home to the knowledge of the beneficiary in order to invalidate his claim. Mowry v. Ins. Co., 9 R. I. 346. And in this state it has been held that if any officer of an insurance company assumes to possess certain powers and the nature of his employment justifies the assumption of authority, and the party dealing with him has no notice of want of the

claimed authority, and there is nothing to warrant an inference to the contrary, the company is bound, even though he had no such power as claimed. Lungstrass v. Ins. Co., 57 Mo. 107; Fayles v. Ins. Co., 49 Mo. 380; Breckenridge v. Ins. Co., 87 Mo. loc. cit. 70. Illustrative of this rule the following cases may be referred to: Liability Co. v. Barr, 68 Fed. Rep. 873; Ins. Co. v. Morris, 18 S. W. Rep. (Ala.) 31; Ins. Co. v. Rust, 141 Ill. 85; Walsh v. Ins. Co., 73 N. Y. loc. cit. 9.

Accordingly we conclude that the plaintiff's rights were in no way affected by the secret limitations in the authority of Brady as general agent.

But the defendant contends that a provision inserted in the certificate itself to the effect that, "no agent of the association is authorized to change, alter or waive any of the conditions of this contract, nor to waive any forfeiture thereof; and any such act to be valid must be done in writing and signed by the president or secretary of the association," contained an inhibition on the authority of Grady to waive any forfeiture and of this inhibition the plaintiff and her husband must be presumed to have had knowledge. The waiver here claimed is by acts *in pais*. The question arises, is such an inhibition or instruction, as that just referred to, binding?

*——: ——: effect of stipulation against waiver: evidence.*

In Reiner v. Ins. Co., 74 Wis. 89, the policy contained a provision to this effect: "No act or omission of the company or any of its officers or agents shall be deemed, construed or held to be a waiver of a full and strict compliance with the foregoing provisions of the terms and conditions of this policy, except it be a waiver or extension in express terms and in writing signed by the president or secretary of the company." In the course of the opinion in the case the court say: "But the clause of the policy referred to is claimed to

be broad enough to include the general agent and in fact every officer and agent of the company except the president and secretary—and even them, unless the act be in express terms and in writing signed by one of them. We must hold however that such attempted restriction upon the power of the company or its general officers or agents acting within the scope of their general authority to subsequently modify the contract and bind the company in a manner contrary to such previous conditions in the policy is ineffectual. Especially is this true in respect to foreign insurance companies whose officers are practically inaccessible to the assured." This language from Lamberton v. Ins. Co., 39 Minn. 129, is approvingly quoted in the opinion, namely: "A contracting party can not so tie his own hands as to restrict his own legal capacity for future action, that he has not the power, even with the assent of the other party to bind or obligate himself by his further action or agreement, contrary to the terms of the written agreement."

In Ins. Co. v. Gray, 43 Kan. 497, there was a provision in the policy substantially the same as that pleaded in this case and it was there held that notwithstanding the inhibition the company through any of its general agents could waive any of the conditions of the policy. It was further held that the knowledge of the general agents was the knowledge of the company and their act was its act. And to the same effect is the well reasoned case of Ins. Co. v. Munger, 49 Kan. 178.

In leases requiring assent in writing as to subletting or alteration, a parol assent will suffice. And the waiver of a forfeiture under a policy has been likened to a forfeiture under a lease. Ins. Co. v. Norton, 96 U. S. 242. The doctrine of waiver, it has been well said, to avoid the enforcement of the conditions of a

policy is only another name for the doctrine of estoppel. Ins. Co. v. Wolf, 95 U. S. 326. To constitute a waiver of the forfeiture of a policy there must be either a contract supported by a consideration, or the necessary elements of an estoppel. Ins. Co. v. Mc-Crea, 8 Lea, 513. It has been decided by the supreme court of Pennsylvania in several recent cases that it is admissible to show by parol testimony a waiver by acts *in pais*. Mix v. Ins. Co., 169 Pa. St. 639; Mc-Farland v. Ins. Co., 134 Pa. St. 590; Gould v. Ins. Co., 134 Pa. St. 570. And in Ins. Co. v. Todd, 83 Pa. St. 272, it was declared that it was competent for the insurers to waive performance of a formal condition introduced into a policy solely for their benefit. Also that such waiver need not be express but may be inferred from the acts of the insurers.

Joyce in his excellent Treatise on Insurance, section 439, uses this language: "We deduce, however, the rule that the tendency of the weight of authority at the present day is against making restrictions in the policy upon the agent's authority conclusive upon the assured and that the company, or any agent with general or unlimited powers clothed with an actual or apparent authorization, may either orally or in writing waive any written or printed condition in the policy notwithstanding such restrictions, and many cases apply this rule even though the policy provides that a distinct specific agreement shall be indorsed therein or otherwise prescribes a particular mode of waiver, and there would be no valid reason why, if the agent may waive the restriction in the first case he may not in the latter, for such restrictions are declared to be ineffectual to limit the legal capacity of the company to bind itself by waiving the conditions of the policy through an agent acting within the real or apparent scope of his authority. So it is held that although the policy

may stipulate that a waiver can only be 'established by a written agreement indorsed on the policy, yet a waiver by acts *in pais* may be shown by parol testimony.' "

In Hamilton v. Ins. Co., 94 Mo. 353, the policy provided that, "If the assured should have or hereafter make any other insurance on the property herein insured without notice to, or consent of, this company in writing hereon," etc. The agent of the company had notice of other insurance and took no steps to cancel the policy sued on. In the opinion in the case it is said that, "Failure of literal compliance with the stipulation in the policy will not be allowed to work a forfeiture, and the company is held estopped from making such claim." Other cases of similar import might be cited from our own appellate court reports.

If the evidence tended to prove, as it does not, that after the breaches of each of the several warranties by the plaintiff's husband, pleaded in defendant's answer, had been brought to the notice of Grady, he in his quality of general agent for the defendant in this state demanded and accepted of the plaintiff's said husband the last premium due on said certificate, then it is clear, as we think, from the authorities which we have already alluded to, that Grady's knowledge of the breaches of the warranty or grounds of forfeiture at the time of the collection of said premium was that of the defendant, and that in that transaction he was the defendant. Not only this, but that the reception of such premium with such knowledge could have been a waiver of the right of the defendant to afterward insist upon a forfeiture of any of the conditions of the policy, notwithstanding it appears that such waiver was not evidenced by a writing signed by the president or secretary of defendant as required by the restriction in the contract. The defendant could not, by this

self-imposed restriction on the power of all of its officers and agents, acting within the real or apparent scope of their authority, except the president and secretary, thereby tie its hands, or thereby incapacitate itself to exercise its otherwise lawful authority, or thereby avoid the legal effect which the acts of its officers and agents would otherwise have in creating a waiver or estoppel under circumstances like those in the present case. We think the restriction is so far inefficacious that it can not be invoked to avoid a parol agreement to waive any condition of the certificate or to avoid a waiver therof by acts *in pais*.

But it is further insisted that the modification by the court of the several theories embraced in defendant's instructions, upon which the defendant sought to have the cause determined, was unauthorized by the evidence. This insistence must be upheld. The court by its modification of the defendant's instructions in effect declared that if it found from the evidence there was a waiver of the forfeiture pleaded by defendant's answer then such defenses would be unavailing. The undisputed evidence tended to establish the several breaches of warranty pleaded in the defendant's answer, and hereinbefore referred to. There is no evidence whatever of any waiver by the defendant of such grounds of forfeiture. It nowhere appears that Grady, the general agent of defendant, at the time of the receipt by him of the last premium on the certificate, had knowledge of the existence of any of the several grounds of forfeiture pleaded and relied on by defendant. There is no evidence that he then knew that the physicians by whom plaintiff's husband had been treated within the last eighteen years next before the date of his application were not all dead or that he then knew that within that time Drs. Mansfield, Pursley, Gordon and Murphy had treated him for

various ailments, or, in other words, that he then knew that the statements contained in his application in relation to his previous health, etc., were untrue.

It is quite true that the evidence tends to prove that Grady was informed, before he accepted the last premium paid by the plaintiff's husband, that he was afflicted with Bright's disease of the kidneys, but there is, as already stated, no evidence that Grady knew of the existence of the grounds of forfeiture hypothesized in the defendant's instruction. There was therefore no evidence to justify the inference that the defendant intended, by the reception of the last premium paid by plaintiff's husband, to waive the forfeiture resulting on account of any of the breaches of warranty relied on as a defense to the action. The defendant was entitled to a consideration of the case upon the theory of his instructions as requested without the court's modification thereof.

It therefore follows that the judgment must be reversed and the cause remanded. All concur.