JOHN D. SMITH, Respondent, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY CO., Appellant.

Kansas City Court of Appeals, May 8, 1905.

1. **COMMON CARRIERS: Negligence: Delay in Delivery: Stipulation.** By stipulation on a contract the carrier was not to deliver at destination at any particular hour nor in season for any particular market. *Held,* this was reasonable contract in consideration of the reduced rates charged by the carrier but cannot protect it against damages resulting from its own negligence, such as holding hogs out of the market for five hours without any explanation.

2. ———: **Contract: Notice of Loss.** The contract required the shipper in cases of loss to give notice in writing to certain officers of the carrier within one day after delivery, etc. *Held,* this

was a condition precedent to recover any damages resulting from death or shrinkage of the hogs or the delay-in getting into market.

3. **TRIAL AND APPELLATE PRACTICE: Contract: Contents.** When a contract is in evidence it is not perceived how prominent features could escape the attention of the trial court so as not to be reviewable .n the appellate court.

Appeal from Mercer Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED.

*M. A. Low, Orton & Orton* and *Harber & Knight* for appellant.

(1) The validity of the contract, it being made by reason of the reduced rate given plaintiff, 'of which there is no controversy or question, must be conceded. Rogan v. Railroad, 51 Mo. App. 665; Wyrick v. Railroad, 74 Mo. App. 406; Bowring v. Railroad, 90 Mo. App. 324; McFadden v. Railroad, 92 Mo. 343; Stock Co. v. Railroad, 100 Mo. App. 688-9. (2) This cause having originated before a justice of the peace, where no pleadings are required, and the plaintiff while a witness having identified the contract, and the same having been read in evidence, the burden was upon him to show that he had complied therewith and gave the notice as required therein. 'This identical question was decided by this court in the opinion by ELLISON, Judge. McBeath v. Railroad, 20 Mo. App. 445. (3) That damages occurring by reason of the death, or shrinkage of the hogs were covered by this contract and under the evidence plaintiff cannot recover therefor, there cannot, we confidently assert, be two opinions. Leonard v. Railroad, 54 Mo. App. 302; Commission Co. v. Railroad, 80 Mo. App. 164; Stock Co. v. Railroad, 100 Mo. App. 698; Quarry Co. v. Veiths, 71 Mo. App. 619; Ward v. Railroad, 158 Mo. 238. (4) The contract clearly covers such damages as

may be occasioned by depreciation or difference in market, and was drawn, we take it, with full understanding of the decision of this court in Leonard v. Railroad, 54 Mo. App. 293; Commission Co. v. Railroad, 80 Mo. App. 164; Hamilton v. Railroad, 80 Mo. App. 597.

*Robinson & Woods* for respondent.

(1) Respondent submits to the court that appellant ought not to plead at this stage of the proceedings that part of the contract set out in the record covering notice of damages. The record does not show that this provision was brought to the attention of the court or jury at the trial, but on the contrary shows by inference conclusively that it was not brought to the attention of either, the notions as set out being in the stereotyped form and the only instructions asked being the usual formal demurrer to the evidence. The courts ought to hold this notice provision void. (2) What is there in this case even to justify the assumption of appellant that notice in writing was not given on the same day? Boyse v. Burt, 34 Mo. 74; Claflin v. Sylvester, 99 Mo. 276; St. Louis v. Sieferer, 111 Mo. 662; Burdoin v. Trenton, 116 Mo. 358; Steele v. Johnson, 96 Mo. App. 147; Palmer v. Alexander, 62 S. W. 691; St. Louis v. Realty Co. 74 S. W. 961.

BROADDUS, P. J.—Plaintiff shipped over defendant's road on the 4th of August, 1903, a carload of hogs from Millgrove, Missouri, to Kansas City, Missouri. They were loaded at 8 o'clock p. m. and arrived at their destination at about 8 o'clock a. m. of the next day, but were not moved to the stock yards until 1 o'clock p. m. of the same day. The hogs were shipped under a special contract in which it was agreed that the rate of shipment was less than the usual rate. It was set out in this contract: "The live stock covered by this contract is not to be transferred within any specified time nor delivered

at destination at any particular hour, nor in season for any particular market." And further, "that first party (the defendant) shall be exempt from liability for loss or damage arising from derailments, collisions, fire, escapement from cars, heat, suffocation, overloading, crowding, maiming, or other accidents or causes not arising from the negligence of the first party." And it was provided, in case of loss: "As a condition precedent to any damages, or any loss or injury to live stock covered by this contract, the second party (plaintiff) will give notice in writing of the claim therefor to some general officer or to the nearest station agent of the first party at the destination . . . and before such stock is mingled with other stock; such written notification to be served within one day after delivery of stock at destination . . . that a failure to comply with the provisions of this clause shall be a bar to the recovery of any and all such claims."

The evidence showed that when the hogs arrived at Kansas City at 8 o'clock a. m. they were in good condition; but when delivered at the pens at 1 o'clock p. m. the weather was very warm and twelve of them were dead, two others dying while being unloaded. The market value of the hogs that died would have been $150 had they arrived alive. There was also evidence that there was a decline in the market value of the animals from the morning until the afternoon of said day. There was a verdict and judgment for plaintiff for $150 from which defendant appealed.

At the close of plaintiff's case the defendant offered a demurrer to the testimony which the court overruled. This was error as the plaintiff's evidence showed that he was not entitled to recover.

It is contended by defendant, first: that plaintiff was not entitled to recover under his contract on account of delay in the delivery of the hogs. There is no doubt but what the contract in that respect was reasonable as a consideration for the reduced rates charged by

the carrier for transportation, and as such is upheld by our courts. [Commission Co. v. Ry., 80 Mo. App. 164; Rogan v. Railway, 51 Mo. App. 665; Wyrick v. Railway, 74 Mo. App. 406; McFadden v. Railway, 92 Mo. 343; Bowring v. Railway, 90 Mo. App. 324; Stock Co. v. Railway, 100 Mo. 674.] But it is equally as well settled, on the other hand, that conditions limiting the liability of carriers for damages do not apply where such damages were the result of negligence on the part of the carrier. [Commission Co. v. Ry., 80 Mo. App. 164; Dawson v. Ry., 79 Mo. l. c. 300.] And notwithstanding the contract provides "that the stock are not to be transported within any specified time, nor to be delivered at any particular hour, or for any particular market," yet, if the delay was occasioned by the negligence of the carrier it will be liable for the damages resulting from such delay or failure to deliver on a given market. No excuse is given, or attempted, for the delay in delivering the hogs at the pens for five hours and retaining them in the cars for such length of time during the excessive heat and which resulted in the death of fourteen of their number. The action of the defendant in that respect is without excuse and was gross negligence.

It is a further contention that plaintiff was not entitled to recover by reason of his failure to give the notice required by the contract of his damages. It is conceded that no such notice was given. And it is not a matter of dispute but what the terms of the contract as to such notice included damages resulting from the death or shrinkage of the hogs. In such instances the giving of such notice is a prerequisite to the right of recovery. [McBeath v. Railway, 20 Mo. App. 445; Live Stock Co. v. Railway, 100 Mo. App. l. c. 689; Leonard v. Railway, 54 Mo. App. 302; Commission Co. v. Ry., 80 Mo. App. 164.] And the contract also covers damages resulting from the delay caused by the failure to deliver on the morning market, of which defendant also should

have had notice.   [Hamilton v. Railway, 80 Mo. App. 597.]

Plaintiff contends that this clause of the contract should be disregarded as it was not specifically called to the attention of the trial court; but as the contract itself was in evidence we do not see how it could have escaped notice.   In any event, it was a plain and prominent provision in the contract, and of which the law presumes the plaintiff had knowledge.   For the reasons given the cause is reversed.   All concur.