## CHARLES D. BELLOWS, Appellant, v. THE WABASH RAILROAD COMPANY, Respondent.

**Kansas City Court of Appeals, May 7, 1906.**

**COMMON CARRIERS: Contract of Shipment: Loss: Notice.** Stipulations in a contract of shipment for notice of loss within a reasonable time are reasonable provisions and enforcible; and a failure to comply therewith defeats recovery. Cases distinguished.

Appeal from Nodaway Circuit Court.—*Hon. Alonzo D. Burnes*, Special Judge.

Affirmed.

*A. F. Harvey* and *Frank W. Armstrong* for appellant.

(1) The provision of the contract requiring the shipper to give notice of loss or damage sustained, cannot be enforced in this case the damage having oc-

curred by reason of the carriers negligence and the trial court having so found.     Ward v. Railway, 158 Mo. 226; loc. cit. 237; 5 Am. & Eng. Ency. L., at page 324; Express Co. v. Cooper, 14 Am. St. 586. (2) The bull not having been delivered to the shipper at the place of destination, notice of loss was not required.   Ward v. Railway, 158 Mo. 226; Richardson v. Railway, 62 Mo. App. 1; 5 Am. & Eng. Ency. L., at p. 324; 6 Cyclopedia of Law and Procedure, p. 505.

*Geo. S. Grover* for respondent.

(1)   The tenth clauses of the contracts of shipment in evidence were valid, and as it is admitted that no notice was ever given to defendant as required by it, the judgment below was for the right party.    Express Co. v. Caldwell, 87 U. S. (21 Wallace) 264; Hart v. Railroad, 112 U. S. 338; Ins. Co. v. Transportation Co., 117 U. S. 322; Queen of the Pacific, 180 U. S. 57; Cau v. Railway, 194 U. S. 427; Rice v. Railroad, 63 Mo. 314; Dawson v. Railroad, 76 Mo. 514; Brown v. Railway, 18 Mo. App. 568; Smith v. Railway, 87 S. W. 9.    (2)    There is no question of waiver in the case.

ELLISON, J.—Plaintiff shipped a lot of cattle with defendant from Maryville, Missouri, to Omaha, Nebraska.   They were injured and one of them, a bull, was killed while en route.   The petition charges that the defendant was guilty of negligence.   The case was submitted to Judge Craig, who became sick before a decision, when the submission was set aside and the cause submitted to Judge Burnes of the Fifth circuit, who rendered judgment for the defendant on the ground that no notice of loss or damage had been given as required by the contract of shipment.

It appears that the contract provided that no claims for loss or damages should be allowed against defendant unless a written claim for it was made within ten days

from the time the stock was removed from the cars. No notice was given until about three months had elapsed. Contractual stipulations for such notices have always been recognized and enforced in this State as reasonable provisions. [Brown v. Railway, 18 Mo. App. 568; Mc-Beath v. Railway, 20 Mo. App. 445; Smith v. Railway, 112 Mo. App. 610; Dawson v. Railway, 76 Mo. 514.]

Plaintiff seeks to avoid the effect of that portion of the contract on the authority of Ward v. Railway, 158 Mo. 226, and Richardson v. Railway, 62 Mo. App. 1. In the Ward case, the provision of the contract was that "claims for damages growing out of the shipment should be reported by the consignee to the carrier within thirty-six hours after he had been notified of the arrival of the freight." While no written notice was given, the defendant accepted a verbal notice without objection and promised to and did begin a search for the missing freight, going so far as to send a special agent to Pittsburg to investigate "the matter from that end of the line." Other reasons why notice was not necessary in that case are given, but what we have stated is enough to show that that case is wholly unlike this. So of the Richardson case. There the injured animal was taken by the railway company, conveyed to a distant point and killed before Richardson knew of the injury.

We are therefore left without power to aid the plaintiff in his neglect to comply with the contract of shipment and must affirm the judgment. All concur.