LUTHER E. DAVIS, Appellant, v. WABASH RAIL-ROAD COMPANY, Respondent.

Kansas City Court of Appeals, November 19, 1906.

1. **COMMON CARRIERS: Shipment of Stock: Notice of Loss.** A stipulation in a shipping contract relating to notice of loss is held to be quite broad, and where applicable should be upheld and enforced.

2. ———: ———: ———: **Connecting Carrier.** A shipping contract provided that the initial carrier should not be liable for loss occurring on a connecting carrier's line. It then provided that when loss occurred on the connecting carrier's line notice should be given the connecting carrier. *Held*, the provision in regard to the notice would not apply in an action against the initial carrier where the alleged loss occurred on the connecting carrier's line, since the purpose of the notice was to warn the party who, by the terms of the contract, was liable. (Affirmed on motion for rehearing. Cases distinguished.)

3. ———: ———: ———: ———: **Contract: Statute.** A contract showed the acceptance of cattle to be shipped from Missouri to Chicago over a connecting line, and by contract attempted to exempt itself from liability for delays on the connecting carrier's line, but did not restrict its liability to carry to the end of its own line. *Held*, under the statute, section 5222, Revised Statutes 1899, the carrier was liable for losses occurring on the connecting line, since the statute forbids a contract exempting the initial carrier for liability for the negligence of the connecting carrier.

4. ———: ———: **Negligence: Limiting Damages.** A contract for the transportation of cattle limited the damages for delay to the amount expended for food and water. *Held*, the provision is invalid against delays caused by the carrier's negligence.

5. ——— ———: ———: ———. A contract for shipment of cattle agreed upon a value of fifty dollars per head and stipulated in case of loss the carrier should not be liable in excess of that amount per head. *Held*, the contract only limits the damage or

loss on each animal and the fact that the remainder sold for more than the whole would come to at the stipulated price per head would not prevent a recovery for the loss of each animal injured.

6. ——: ——: Notice of Loss: Connecting Carrier. Where the connecting carrier exempts the initial carrier for liability of the connecting carrier's negligence and requires notice of loss itself when the negligence occurs on its line or the connecting carrier when the negligence occurs on its line, and the shipper gives no notice but sues the initial carrier under the statute notwithstanding the contract, he must confine his case to the loss of damage upon the negligence occurring on the connecting line.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M Shelton,* Judge.

REVERSED AND REMANDED.

*C. C. Foyle* for appellant.

(1)   In defendant's answer the first clause is a general denial.   This is a complete waiver of a notice from the appellant, if such notice was required.   Crenshaw v. Insurance Co., 71 Mo. App. 42; McCormick v. Insurance Co., 56 Mo. 575; Life Society v. Hiett's Adm'r, 19 U. S. App. 173; Moore on Carriers, p. 338, sec. 27; Hase v. Railroad, 35 S. W. 476; Greathouse v. Railroad, 17 S. W. 834.   (2) As a common carrier it was the duty of the defendant to deliver the stock at its destination within a reasonable time and without unnecessary delay.   Levering v. Insurance Co., 42 Mo. 95; Reed v. Railroad, 60 Mo. 206; Rice v. Railroad, 63 Mo. 314; Davis v. Railroad, 89 Mo. 349-50; Witting v. Railroad, 101 Mo. 640; Guinn v. Railroad, 20 Mo. App. 461; Doan v. Railroad, 38 Mo. App. 413; Vaughn v. Railroad, 78 Mo. App. 641; Milling Co. v. Transit Co., 122 Mo. 276.   (2)   The defendant pleads in defense of plaintiff's cause of action, a contract, limiting its liability.   This contract is no defense because it is invalid for the reason that it is not based

upon a consideration. A contract without consideration is void. McFadden v. Railroad, 92 Mo. 343; Kellerman v. Railroad, 136 Mo. 193; Rogan v. Railroad, 51 Mo. App. 665; Duvenick v. Railroad, 57 Mo. App. 550; Conover v. Express Co., 40 Mo. App. 31; Richardson v. Railroad, 149 Mo. 324; Paddock v. Railroad, 60 Mo. App. 328; Wilson & Aull v. Railroad, 66 Mo. App. 388; Kellerman v. Railroad, 68 Mo. App. 255; Bennett v. Railroad, 46 Mo. App. 656; Hance v. Railroad, 56 Mo. App. 476; Wyrick v. Railroad, 74 Mo. App. 406.; Harvey v. Railroad, 74 Mo. 538; Bowring v. Railroad, 77 Mo. App. 252; Bowring v. Railroad, 90 Mo. App. 324; Mfg. Co. v. Railroad, 101 Mo. App. 453; Levering v. Ins. Co., 42 Mo. 88; Vaughn v. Railroad, 78 Mo. App. 639; Summers v. Wabash, 114 Mo. App. 452; Smith v. Railway, 112 Mo. App. 610; Live Stock Co. v. Railroad, 100 Mo. App. 674; Clark v. Railroad, 64 Mo. 440; Vaughn v. Wabash, 62 Mo. App. 461; Ward v. Railroad, 158 Mo. 226; Ball v. Railroad, 83 Mo. 574; Livery Co. v. Railroad, 113 Mo. App. 144; Ward v. Hartly, 178 Mo. 135; Lingenfelder v. Brewing Co., 103 Mo. 578; Lamp Co. v. Mfg. Co., 64 Mo. App. 115; 4 Elliott on Rys., p. 2223; secs. 1502, 1504; Myers v. Wabash, 90 Mo. 98; Fountain v. Railroad, 114 Mo. App 676; Rosenfield v. Railway, 103 Ind. 121; German, etc., v. Railway, 38 Iowa 127; Wehmann v. Railway, 58 Minn. 22; Southerd v. Railway, 60 Minn. 382; Potter v. Sharp, 24 Hun 179; Gardner v. Railway, 127 N. C. 293; Schaller v. Railway, 97 Wis. 31; Railway v. Gilbert, 88 Tenn. 430; Railway v. Wright, 58 S. W. 846; Railroad v. Holland, 69 N. W. 138; Railroad v. Hare, 75 N. E. 867. (4) The defendant was not entitled to any notice from the plaintiff prior to plaintiff's bringing his suit, because the damages sued for are not included in the contract; because the defendant was not injured by plaintiff's not giving the notice; because the failure of plaintiff to give the no-

tice is no defense to the suit. Leonard v. Railroad, 54 Mo. App. 293; Commission Co. v. Railroad, 80 Mo. App. 164; Dawson v. Railroad, 76 Mo. 514; Ward v. Railroad, 158 Mo. 226; Livery Co. v. Railroad, 113 Mo. App. 153; 9 Am. Digest (Century Ed.), p. 592, sec. 671; Express Co. v. Caperton, 44 Ala. 101; Express Co. v. Raegan, 29 Ind. 21; Central Vermont Co. v. Soper, 59 Fed. 891; Jennings v. Railroad, 67 Tex. 170; 4 Elliott on Railroads, p. 2328, sec. 1505. (5) Defendant's answer, pleading want of notice, is not sufficient, because it does not give the name of the party to whom the notice should be given, or whether or not he was accessible or conveniently located at the point of destination, so the plaintiff could have easily reached him. Railway v. Childers, 21 S. W. 76; Railway v. Paine, 21 S. W. 78; Railway v. Thompson, 23 S. W. 930; The courts of Texas have refused to lay down a rule that the notice was a necessary precedent before suit. Railway v. Harris, 67 Texas 172, 2 S. W. 574; Railway v. Fagan, 9 S. W. 749; Railway v. Adams, 14 S. W. 666. It devolves upon the railroad to prove that such notices are reasonable. 17 S. W. 834; Ward v. Hartley, 178 Mo. 140. (6) The shipping contract in this case, is void and illegal for the reason to-wit: first, that it was not fairly entered into; second, because it exempted defendant from negligence; third, because it was a total exemption. Conover v. Express Co., 40 Mo. App. 31; Rogan v. Railroad, 51 Mo. App. 665; McFadden v. Railroad, 92 Mo. 343; Harvey v. Railroad, 74 Mo. 538; 6 Cyc., sec. 392, sub. 3, note 74. (7) An initial carrier is liable for the negligence of the connecting carrier on a contract of through shipment. Revised Statutes 1899, sec. 5222; Grain Co. v. Railroad, 176 Mo. 486; Sash and Door Co. v. Railroad, 177 Mo. 641; Ingwersen v. Railroad, 116 Mo. App. 139. This was a contract of through shipment.

*Higbee & Mills* for respondent.

(1) Clause 10 is a reasonable provision. It is not confined to damages to the live stock; it includes damages suffered from decline in market values, as well as shrinkage in the weight of the animals. Brown v. Railroad, 18 Mo. App. 577; Hamilton v. Railroad, 80 Mo. App. 602; Smith v. Railroad, 112 Mo. App. 614; Freeman v. Railroad, 93 S. W. 302. (2) The burden of proving the notice was upon the plaintiff; defendant was not required to prove a negative. "There is no evidence whatever of a compliance with this provision of the contract." Brown v. Railroad, 18 Mo. App. 577. (3) No question was made in the court below as to the authority of the agent Noonan to sign the contract. Defendant does not question it, but affirms it in its answer. The authorities cited by appellant on this point are opposed to his contention. (4) Defendant's answer expressly pleads the contract and failure to present the claim for damages. There is therefore no waiver, as claimed in appellant's point 1. Livery Co. v. Railroad, 113 Mo. App. 148. (5) The trial court heard every contention plaintiff made against the contract, and did not err in directing a verdict for defendant.

ELLISON, J.—Plaintiff instituted this action to recover damages for an alleged negligent delay in transporting a lot of beef cattle from Coatsville, Missouri, to Chicago, Illinois. At the close of the evidence the trial court gave a peremptory instruction to find for the defendant. A verdict was rendered as directed and judgment entered accordingly.

The evidence in plaintiff's behalf tended to show a shipment for the Chicago market and that the cattle should have arrived in that city in time for the market of the next day after shipment. But that through neg-

ligent delay they did not get in until the night of the next day and therefore had to be kept over and sold on the following day's market. That the market of the latter day was less than the day before and there was also a shrinkage of the catle beyond what would naturally have occurred had there been no delay. There was ample evidence offered of delay from which negligence could be reasonably inferred. Long detentions, slow movements, overloaded train, etc., etc., were shown.

It appears that the defendant was the initial carrier and the cattle were transferred to a connecting line which took them to Chicago and that the negligence occurred on the latter line.

There was a written contract of shipment which contained a great many provisions of exemption; most of them with no application to plaintiff's ground of complaint. But one of these provisions relates to a written notice which the shipper was required to give to defendant. It stipulates that "No claim for damages which may accrue to the party of the second part under this contract shall be allowed or paid by the party of the first part" unless a written claim shall be made within ten days from a removal of the stock from the cars. The contract, continuing, provides, that it is also agreed that if any loss or damage occurs upon a connecting line, that such line should not be liable unless a claim is made in like manner and time to an officer of such line. Continuing, the contract further provides, that this defendant shall not be responsible for any damage or injury to, or loss, or detention of the stock after it shall have left defendant's line, and that all responsibility of the defendant shall cease after the stock shall have been delivered to the connecting line.

The provision thus interposed by defendant is broad — much broader than many of those appearing in like cases. It provides that a claim for damages of *any* kind must be made. It would cover a claim of the nature here

sued for, if otherwise applicable to the case. And there is no doubt that a provision for notice, when it applies to the particular shipment which may be in controversy, will be upheld and enforced. [Brown v. Railroad, 18 Mo. App. 568, 577; McBeath v. Railroad, 20 Mo. App. 445; Smith v. Railroad, 112 Mo. App. 610; Freeman v. Railroad, 118 Mo. App. 526, 93 S. W. 302; Bellows v. Railroad, 118 Mo. App. 500, 94 S. W. 557.] In this case no notice was given and it was upon that ground that the peremptory instruction against the plaintiff was given.

But we do not think the provision is applicable. As already stated, the negligence occurred on the connecting line. It is manifest from the terms of the provision itself that notice to defendant is required only in those instances where the wrong to plaintiff occurred on its line. If the wrong occurred on a connecting line, as it did in this case, then the provision does not require a notice to defendant, but to the connecting line. This is made still more apparent by the latter part of the stipulation which declares that the defendant shall in no case be responsible for damage after the stock has been given over to the connecting line; thus showing that defendant, by requiring notice of loss or damage, did not intend that it should be given to it unless the injury occurred on its line, for it stipulated that otherwise it would not be liable, in which case a notice would, of course, be useless. The intention of the parties being apparent from the face of the provision itself, that notice of a claim was not required in cases where the cause of such claim transpired on another line, the defendant cannot demand a notice in such instances.

Notwithstanding the contract provides that notice shall be given to the connecting line when such line injures the shipper, and that plaintiff has not done so, yet that does not aid the defendant. Defendant has no right to claim the protection of a provision made for the benefit of another. Defendant's liability in this case, not-

withstanding the wrong was not done on its line, arises on the statute (section 5222, Revised Statutes 1899). By reason of accepting the cattle to be carried to Chicago and not contracting to carry only on its own line, it will be liable for damages occurring on the connecting line. [Marshall Grain Co. v. Railway, 176 Mo. 480; Western Sash Co. v. Railway, 177 Mo. 641, 645; Popham v. Barnard, 77 Mo. App. 629; Bank v. Railway, 72 Mo. App. 82; Marshall & Antles v. Railway, 74 Mo. App. 81.] In cases covered by the statute, the initial carrier cannot contract to relieve itself from the negligence of the connecting carrier.

There is a further provision in the contract of shipment that for any damage resulting from delay or detention in course of transportation from any cause whatever, the shipper agrees to accept as full compensation the amount expended by him in the purchase of food and water. This provision is invalid when the cause of delay is the negligence of the carrier. To allow it effective force would be to destroy the fundamental rule prohibiting carriers from contracting against negligence. [Griffin v. Railway, 115 Mo. App. 549; Botts v. Railway, 106 Mo. App. 397; Buffington & Lee v. Railway, 118 Mo. App. 476, 94 S. W. 991.]

Another provision of the contract is that the cattle are of the agreed valuation of $50 per head, it being also stipulated that in case of loss or injury the liability of the defendant should not exceed that amount per head. There were fifteen cattle in the shipment. At $50 per head, their contract value was $750. Such contract only limits the damage or loss on each animal. And though the shipper should sell the whole number for a sum as large or larger than the total contract value, that would not prevent him from recovering the loss on each animal, or the aggregate loss on the whole number, provided it did not exceed the amount limited in the contract. We

considered a similar provision in Buffington & Lee v. Railway, 118 Mo. App. 476, 94 S. W. 991, where the reasons for this construction are stated.

We stated above that the trial court gave defendant's peremptory instruction on the ground of no notice. That seems to be conceded in the briefs of counsel and it is the only ground upon which to place the instruction. We assume that to be true, since in no other respect was there any ground to challenge the sufficiency of plaintiff's showing as making a prima facie case. So, also, we have stated that the negligence was that of the connecting line. That seems to be conceded in the briefs, and on that ground we have held a notice of damage not to be required by the contract. On retrial plaintiff, of course, in endeavoring to make his case, should be confined to the loss or damage consequent upon negligence occurring on connecting lines.

There are suggestions in defendant's brief that plaintiff's objections to the notice clause in the contract were for certain specified reasons and that he should be confined to those reasons on appeal. But we find that among other reasons stated why it was unnecessary to give the notice, was the one dwelt on herein, that the injury was occasioned on a connecting line. But there is no necessity for a discussion of such suggestion since plaintiff excepted to the peremptory instruction and set out that it was error in his motion for new trial.

The judgment is reversed and the cause is remanded. All concur.

ON MOTION FOR REHEARING.

ELLISON, J.—The question in this case is, did the parties to the contract intend to require that the shipper should give notice to defendant of a loss which did not occur on defendant's line? It is everywhere agreed that the object of the notice and the ground upon which it is held to be a valid and reasonable provision is, that it affords the party to be notified an opportunity to pro-

tect himself against the claim — to inquire into the matter to see if it is an honest claim and one for which he is liable. We think it would be absurd to suppose that a party intended to say by his contract that he would not be liable unless a notice is given of a loss for which the same contract says he shall not be liable in any event. It is difficult to make a very plain matter any plainer, but if it can be done it is accomplished in this contract. For, it is further provided therein, that for losses occurring on a connecting line (for which it is agreed the defendant shall not be liable) the notice must be given to *that* line.

It is true that the defendant is liable for loss on a connecting line, notwithstanding the stipulation to the contrary. But that is by force of the statute which is interposed to nullify such stipulation; but that, of course, cannot affect the question of what was intended by the parties as to when a notice should be given. The statute fixes defendant's liability for loss on a connecting line, while the contract for notice must be enforced according to the intention of the parties when they executed it.

The case of Jennings v. Railway, 127 N. Y. 438, 450, lacks the very element which controls this case. That case was one for the defendant carrier's own negligence for which the contract itself left him liable, while in this case, so far as the contract speaks, this defendant would not be liable. That case called for a notice, not to the initial carrier, but to the agent at place of destination. There is no likeness between the cases. The contract in the case of Baker v. Railway, 19 Mo. App. 321, expressly calls for a notice to the initial carrier before the stock should be removed from the place of destination and does not require any notice to a connecting line. While, as we have seen, the contract in this case does not call for notice to the initial carrier when stock arrives at destination, but does expressly provide that

when loss occurs on a connecting line the notice must be given to *that* line. We do not see that the case of Popham v. Barnard, 77 Mo. App. 629, has any reference to the question involved.

The motion for rehearing should be overruled. All concur.