ELL HOLLAND, Trustee, etc., Respondent, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, November 16, 1908.

1. COMMON CARRIERS: Shipping Contract: Execution: Jury Question: Appellate Practice. Where the execution of a shipping contract was denied upon oath and evidence tending to support such denial was introduced the finding of the jury is conclusive on the appellate court.

2. ————: Connecting Carriers: Statute: Liability of Initial Carrier. A bill of lading provided that the goods were to be shipped to ———— station, but the margin showed they were destined to another State in the care of another railroad. Held, as there was no limiting the shipment to the defendant's road it agreed to carry to the point named in the margin, and under the statute was liable for the negligence of the connecting carrier.

3. ————: Delay: Negligence: Evidence. Mere delay alone will not show negligence, yet if connected with other evidence it becomes a probative force, and the testimony is held sufficient to show negligence by the connecting carrier.

4. ————: Bill of Lading: Notice. The bill of lading denies responsibility for loss unless proved to have occurred during its transit over the particular carrier's line, of which notice must be given within thirty hours after the goods reached their destination and that the remedy for such delay shall be against the particular carrier only in whose custody the freight may be at the time of such loss. Held, that this did not mean notice to the initial carrier where the damage occurred while in the custody of the connecting carrier.

5. ————: Trial and Appellate Practice: Reopening Case: Objection: Pleading: Surprise. Plaintiff closed his case. Defendant offered a demurrer which was argued. Plaintiff was permitted to introduce the bill of lading though his pleading declared on neither a written nor an oral contract of shipment.

The record merely recites "objections by the defendant." *Held*, this was tantamount to no objection and since there was no affidavit of surprise nor application for continuance the defendant cannot complain in the appellate court of the introduction of the bill of lading.

Appeal from Clinton Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*Thomas R. Morrow, F. B. Ellis* and *Samuel W. Sawyer* for appellant.

(1) The petition does not state a cause of action. R. S. 1899, sec. 5222, as amended by the laws of 1905; Griffith v. Railroad, 114 Mo. App. 591; Rawson v. Railroad, 107 S. W. 1101. (2) The plaintiff cannot recover either upon an oral contract of transportation or upon the written bill of lading introduced by him in evidence. Bensiek v. Cook, 110 Mo. 173; Brown v. Bowen, 90 Mo. 184; Taylor & Sons v. Railroad, 112 S. W. 59; Rieger v. Faber, 116 Mo. App. 123; McBeath v. Railroad, 20 Mo. App. 445; Smith v. Railroad, 112 Mo. App. 610; Freeman v. Railroad, 118 Mo. App. 531; Meriwether v. Railroad, 128 Mo. App. 665; Letts v. Railroad, 111 S. W. 138. The fact that Francis did not sign the bill of lading makes no difference whatever under the law of this State. O'Bryan v. Kinney, 74 Mo. 125; Railroad v. Cleary, 77 Mo. 637; Morse v. Henry, 18 Mo. App. 41; Claycroft v. Railroad, 18 Mo. App. 494; Patterson v. Railroad, 56 Mo. App. 662. (3) The plaintiff has not made out a case under section 5222, Revised Statutes 1899, for other reasons.

*John A. Cross, Pross T. Cross* and *Culver & Phillips* for respondent.

(1) The cases of Griffith v. Railroad, 114 Mo. App. 591, and Ransom v. Railroad, 107 S. W. 1101, cited by appellant, do not bear out its contention. (2) The petition states a cause of action, R. S. 1899, sec. 5222;

Davis v. Railroad, 122 Mo. App. 637; Marshall Grain Co. v. Railroad, 176 Mo. 480; Sash & Door Co. v. Railroad, 177 Mo. 641. But in no event would this contention help appellant on this appeal, for the reason that it is admitted by defendant, that its agent at Lawson issued to Francis, the shipper, the receipt or bill of lading in evidence. (3) As a common carrier it was the duty of the defendant to deliver the stock at its destination within a reasonable time and without unnecessary delay. Reed v. Railroad, 60 Mo. 206; Rice v. Railroad, 63 Mo. 314; Davis v. Railroad, 89 Mo. 345; Whiting v. Railroad, 101 Mo. 640; Milling Co. v. Railroad, 122 Mo. 276. (4) By the terms of said bill of lading, and said alleged shipping contract, defendant was exempted from any liability for the acts of the connecting carriers, and by the same terms plaintiff was required to serve the connecting carrier causing loss with notice thereof. This was a provision for the benefit of a third party, and defendant cannot be heard to complain that said notice was not given, and failure to give such notice constitutes no defense in this case. Davis v. Railroad, 122 Mo. App. 637.

ELLISON, J.—Plaintiff is the trustee in bankruptcy of William Francis, and brought this action for damages on a lot of mules and horses charged to have been delivered by Francis to be transported by defendant from Lawson, Missouri, to Montgomery, Alabama. Plaintiff recovered judgment in the trial court. The action is brought under the provisions of section 5222, Revised Statutes 1899, making the initial carrier liable for the negligence of a connecting carrier.

The shipment was evidenced by a bill of lading issued by defendant to Francis. A part of defendant's defense was based on a written contract of shipment alleged to have also been issued by defendant and signed by Francis. The execution of such contract was duly denied under oath and there was evidence tending to

support the denial, and, considering instructions given for defendant, the jury must have found for the plaintiff on that issue.

The bill of lading shows that it was made out on one of defendant's printed forms in use for general shipments of freight. It was dated at Lawson and recited that defendant "Received from Wm. Francis the following-described *packages,* in apparent good order and marked and numbered in the margin, to be transported upon the conditions expressed herein and on the back hereof, over the line of this road to ———— Station." There was other printed matter, including a provision for notice. The latter will be considered later on. In the margin of the bill appeared the following: "Wm. Francis, Montgomery, Ala., c'f M. & O. out St. Louis, 4 mules,—22 horses. S. R. S. L. & C. car 54413 A. T. & S. F." The bill was signed by defendant's agent at Lawson.

The case shows that defendant's line of road did not reach Montgomery, and that the connecting carriers were the Wabash and the Mobile & Ohio, the latter reaching Montgomery. There was no provision in the bill of lading limiting the shipment by defendant to its own line; and as the animals were received by defendant and bill of lading issued for a point beyond its own line, it agreed to carry to such point. That such is the proper construction of these contracts, considered with the terms of the statute, has been definitely settled by the Supreme Court and the Courts of Appeals. [Marshall v. Railroad, 176 Mo. 488; s. c., 74 Mo. App. 81; Western Sash Co. v. Railroad, 177 Mo. 641; Popham v. Barnard, 77 Mo. App. 628; Bank v. Railroad, 72 Mo. App. 82.] The first cited of these cases was, like this, where the destination was left blank in the body of the bill of lading and was only stated in the margin.

A liability by this defendant for the negligence, if any, of the connecting carriers, being thus established,

we proceed to consider whether the evidence makes out negligence. It appears that defendant itself was not guilty of any negligence, whether in delay or mistreatment of the animals. Both delay and mistreatment occurred with the Wabash. But the instructions for plaintiff submit the question of negligence on the part of the Mobile & Ohio Railway, and couples it with that of the Wabash, when, as defendant insists, there is no evidence in the case that the Mobile & Ohio was guilty of negligence. We think there is. By just and legitimate inference great delay was shown in that more than ordinary time for such shipment from where that road received the freight from the Wabash, was consumed in getting it into Montgomery. While it is true that mere delay alone will not show negligence (Ecton v. Railroad, 125 Mo. App. 223), yet when connected with other evidence it becomes of probative force. It was shown that the animals were abused some while with the Wabash, but they appeared greatly more injured when they arrived at Montgomery. The eyes of some had been knocked out and they were in a deplorable condition generally:—looked as though they may have been in a wreck. We rule the point against defendant.

It is contended that as no notice was given to defendant of the injury, there can be no recovery. The written contract which defendant alleges was executed by Francis, required a notice, and while that has been eliminated from the case by the verdict, it yet appears that the bill of lading contains provisions as to notice, and the question is, can such provisions be considered in defendant's behalf? The provisions are that: "No carrier shall be responsible for loss or damage of any of the freight shipped unless it is proved to have occurred during the time of its transit over the particular carrier's line, and of this notice must be given within thirty hours after arrival of the same at destination." The bill further provided that "It is further agreed that for all loss or damage occurring in transit of

freight, the legal remedy shall be against only the particular carrier in whose custody the said freight may actually be at the time of the happening thereof."

It is thus seen that the defendant made provision in the contract that it should not be liable unless the damage was done while the animals were in its custody. It is conceded that the injury in this case was inflicted by the connecting carriers. Therefore it cannot, in reason, be supposed that the parties intended that notice should be given to defendant for a loss for which it stipulated it was not to be liable. We explained a like contract in Davis v. Railroad, 122 Mo. App. 637, and held, in such circumstances, that a notice to the initial carrier was not intended to be required.

The petition does not, in terms, declare on either a written or oral contract of shipment. It alleges, in proper words, that in consideration of certain freight charges, defendant agreed to carry the freight from Lawson, Missouri, to Montgomery, Alabama, "and there deliver the same to the said William Francis, to whom they were consigned." At the trial plaintiff showed his agreement with defendant's agent at Lawson, and after plaintiff had announced the close of his evidence in his behalf and a demurrer thereto was argued, the trial court permitted him to introduce the bill of lading. No objection was made that it was not pleaded, nor was any reason given—the record merely recites "objections by defendant." This was tantamount to no objection. There was no affidavit of surprise, or continuance asked. In this condition of the record there can be no complaint here as to the introduction of the bill.

There are other suggestions made in defendant's behalf, including objections to instructions—but we think none well taken.

The judgment is affirmed. All concur.