### ARTHUR N. WILLIAMSON
*vs.*
### METROPOLITAN LIFE INSURANCE CO.

Court of Common Pleas   New Haven County   File No. 28340

MEMORANDUM FILED OCTOBER 31, 1941.

*George W. Crawford,* of New Haven, for the Plaintiff.

*Wiggin & Dana,* of New Haven, for the Defendant.

FITZGERALD, J.   By writ, summons and complaint dated March 1, 1938, and returned to this court on the first Tuesday of April, 1938, the plaintiff alleges therein that he is the nephew of one Sallie J. Wagstaff who died on December 9, 1937; that at the time of the death of the said Sallie J.

Wagstaff three policies of insurance issued by the defendant on the life of the said Sallie J. Wagstaff were in full force and effect; and that the plaintiff was named beneficiary in said policies "in the event of the death of said Sallie J. Wagstaff." The complaint is in three counts, the first relating to policy No. 108957136 (Ex. A), the second to policy No. 110032212 (Ex. B), and the third to policy No. 119677289 (Ex. C). Other allegations appear in the complaint but do not require express reference for the purposes of this memorandum.

The defendant's second defense to the first, second and third counts of plaintiff's complaint alleges, in substance, that the said Sallie J. Wagstaff (hereinafter referred to as the "insured") had misstated her age at the time of securing the policies of insurance in question; that the age discrepancy was eight years; that the policies expressly provide that "If the age of the Insured has been misstated, the amount payable hereunder shall be such as the premium paid hereon would have purchased at the correct age."

The plaintiff's "amendment to reply" to the second defense interposed by the defendant to plaintiff's first, second and third counts alleges "that all facts concerning the correct age of said insured were fully known to and understood by the defendant, and that any misstatement in said policy concerning her correct age, insofar as same may affect the amount payable thereunder, was waived by the defendant."

The last pleading was productive of the defendant's demurrer which is the subject matter of this memorandum. The demurrer itself, although in four paragraphs, actually is predicated on two grounds: (a) that the policies in question expressly provide in part as follows: "This Policy constitutes the entire agreement between the Company and the Insured and the holder and owner hereof. Its terms cannot be changed, or its conditions varied, except by the express agreement of the Company evidenced by the signature of its President or Secretary. Therefore, Agents (which term includes Managers and Assistant Managers) are not authorized and have no power to make, alter or discharge contracts, to waive forfeitures", etc., and that the position of "waiver" de age of the insured by the defendant is contrary to the aforesaid provision in the respective policies in the absence of an "express agreement of the defendant, evidenced by the signature of its President or Secretary"; (b) that plaintiff's aforesaid reply "is

a pleading in the alternative" because the plaintiff had previously denied that the age of the insured was misstated and now alleges "that any misstatement....was waived by the defendant."

*As to the first (a) ground of the demurrer.*

In 32 *C.J. Insurance* §570, there appears the following statement: "Provisions which are designed to restrict the authority of officers and agents of the company as to waiver....or to require such a waiver to be evidenced in some particular form, as by writing....are commonly incorporated in insurance contracts. There is much diversity of opinion as to the effect of these provisions....The jurisdictions, however, may be divided into two groups, one of which, broadly speaking, tends to favor the company and to give effect to such provisions in his behalf, while the other group, in behalf of insured, tends to nullify the effect of such provisions (citing *Bernhard vs. Rochester German Ins. Co.,* 79 Conn. 388, 394)....The decisions adopting the view more favorable to insured are based ordinarily upon the ground that such provisions, being for the benefit of the company, may be waived by it, that the company by such stipulations cannot do away with the operation of general rules of law under which the knowledge of its agent is to be imputed to it, that, the company being as a corporation able to act only through officers and agents, their acts within the scope of their powers are binding on it, that it may be estopped by their conduct and declarations, and that such an estoppel may be proved by parol, notwithstanding a requirement that a waiver shall be evidenced in writing...."

Plaintiff's counsel urges upon the court many cases for consideration. An examination of all has resulted in the court's acceptance of only one as a yardstick of measure. The case accepted is *Burdick vs. Security Life Association,* 77 Mo. App. 629, particularly at page 634 *et seq.* In 5 *Cooley, Briefs on the Law of Insurance* (2d ed., 1927) p. 4005, the statement is made of this case: "....the court pronounced a provision limiting waivers to such as were in writing and signed by the company's president and secretary as inefficacious, in so far as it prohibited parol waivers or waivers by estoppel in pais." *See, also,* general discussion in 1 *Appleman, Insurance Law and Practice* (1941) §193.

What *really* were the circumstances surrounding the in-

sured's misstatement *de* her age? It appears to the court that the defendant has become too technical. The day has past when a party is doomed to defeat because of matters of pleading. Justice requires that the issues in a case be joined to the end that the trier (court or jury) have the full benefit of the factual situation as it really exists.

To go no further, the first (a) ground of the demurrer is overruled.

*As to the second (b) ground of the demurrer.*

The defendant urges that section 108 of the Practice Book (1934), and *Patchen vs. Delohery Hat Co.*, 82 Conn. 592, 594; *Rochon vs. Preferred Accident Ins. Co.*, 118 id. 190, 193; and *Hoard vs. Sears Roebuck & Co., Inc.*, 122 id. 185, 192, are authorities for the proposition that the plaintiff is in reality pleading in the alternative ("that plaintiff has heretofore denied that the age of the insured was misstated in any one of said three policies of life insurance and now claims as to each of said three policies 'that any mis-statement. . . .was waived by the defendant' ").

A reading of the three cases cited discloses that the point involved concerned *inconsistent claims of the defendant* in his answer or other pleadings. It is deemed that in the instant case justice dictates that a wider latitude be accorded the plaintiff. In the last analysis it will be the *fact found by the court or jury* which will determine the issues involved.

The second (b) ground of the demurrer is overruled.

For the purposes of this memorandum paragraphs 1, 2 and 3 of the demurrer have been regarded as constituting the first (a) ground herein considered, and paragraph 4 thereof the second (b) ground. In so far as paragraph 2 of the demurrer may be deemed as constituting a separate and distinct ground of demurrer, not properly falling within the scope of the first (a) ground considered, it is also overruled without special and separate discussion.