S. W. NAIRN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, May 20 and December 2, 1907.

1. **COMMON CARRIERS: Negligence: Evidence: Owner's Risk.** The evidence relating to the condition of certain goods at the time of their delivery is held sufficient to support the reasonable inference of negligence in their handling; and a contract taking them at the owner's risk and on his loading and counting will not relieve the carrier from responsibility for its negligence.

2. ———: ———: **Loss: Notice.** Though a contract of shipment required notice for any loss or damaged goods, under the facts in this case the notice was unnecessary, since the station agent attended to the opening of the car, listed the damaged goods and made report thereof to the carrier.

3. ———: ———: **Pleading: Petition: Instructions.** A petition for negligence in injuring certain shipped goods is held sufficient against motions to make more definite and objections to the introduction of evidence, and the action of the trial court on instructions is approved.

Appeal from Boone Circuit Court.—*Hon. Alexander H. Waller,* Judge.

AFFIRMED.

*Geo. P. B. Jackson* for appellant.

(1) The court erred in overruling the motion to make the petition more certain. It was the plaintiff's and not the defendant's fault that the petition was defective, and the defendant was prompt in filing its motion and was entitled to have it passed upon according to its merits at any time before the trial. (2) The court also erred in admitting any evidence under the petition. (3)

Under that contract it was provided that when a ship-ment was made,—as the contract in this case shows it was,—at owner's risk, the owner assumed the risk of all loss or damage to the property except that which re-sulted from the actual negligence of the carrier and that any carrier concerned in the transportation should not be held liable for any damage unless the same occurred while the property was in its custody.   (4)   In this case, the plaintiff offered no proof tending to show any neg-ligence on the part of the defendant and for that reason, the court erred in refusing to sustain the demurrer to the plaintiff's evidence.   Lynch v. Railroad, 112 Mo. 433; Moberly v. Railroad, 98 Mo. 187; Rapp v. Railroad, 106 Mo. 428; Haycraft v. Grigsby, 88 Mo. App. 362; Morton v. Heidom, 135 Mo. 617; Myers v. Kansas City, 108 Mo. 487; Shippers v. Railroad, 126 Mo. 670.   (5) The stipulation for notice could be enforced by the courts, and it devolved upon the plaintiff to prove that such notice was given within the time limits.   Brown v. Railroad, 18 Mo. App. 568; Smith v. Railroad, 112 Mo. App. 610; Dawson v. Railroad, 76 Mo. 514; Mc-Beath v. Railroad, 20 Mo. App. 445; Leonard v. Railroad, 54 Mo. App. 302; Klass v. Railroad, 80 Mo. App. 164.

*F. G. Harris* for respondent.

(1)   The court committed no error in overruling defendant's motion to make the petition more certain, for the reason that the petition stated a good cause of ac-tion and was sufficiently definite and certain to advise defendant of the nature and extent of the injury to plain-tiff's property.   (2)   The court did not err in admitting evidence under the petition.   Hutchinson on Carriers (2 Ed.), sec. 145; Halliday v. Railroad, 74 Mo. 159; Shewalter v. Railroad, 84 Mo. App. 589.   (3)   The plaintiff's household goods were in good condition when placed in the car at Pinckneyville, Illinois, as the evi-dence showed, and were properly wrapped, packed and

loaded; when they were received at Columbia, Missouri, as the evidence showed, they were in badly damaged condition; this was a prima-facie case made out by the plaintiff, and the burden was on the defendant to prove that they were not negligent on their part in the transporting of said goods. (4)  The object of notice, the courts say, is that the defendant may have a chance to fully and fairly investigate the claim.  But, "where the carrier is apprised of the damage quite as well as the shipper" no notice is necessary.  Papham v. Barnard, 77 Mo. App. 627; Ward v. Railroad, 158 Mo. 238; Crow v. Railroad, 57 Mo. App. 140; Live Stock Co. v. Railroad, 100 Mo. App. 689.

ELLISON, J.—Plaintiff shipped a lot of household goods from Pinckneyville, Illinois, to Columbia, Missouri, and when received by him at the latter place they were in a damaged condition.  He charges that the damage was caused by the defendant and brought this action on account thereof.  He prevailed in the trial court.

It appears that the Illinois Central Railroad was the initial carrier.  That it transported the car in which the goods were placed to the Mississippi River where it was received by the Bridge Ter. Ry. Co., and taken to St. Louis where it was received by this defendant and transported to Columbia.  There was evidence in plaintiff's behalf tending to show that when the goods were shipped at Pinckneyville they were in good order and condition.  That when they were received by plaintiff at Columbia they were badly damaged.  The car, judging from condition of the contents, presented an appearance as though it had been in a wreck, or off of the track. There were various estimates of the amount of damage; some of the evidence tending to show a greater amount than was allowed the plaintiff by the verdict.

The contract of shipment contained the letters O. R. and S. L. C., which, according to testimony, indicated that the shipment was made at the "owner's risk" and

on the "shipper's load and count." Notwithstanding such provisions the defendant would be liable for negligence.

But defendant claims there was no showing of negligence. The plaintiff relied upon his showing of the delivery of the goods in good condition to the Illinois Central Railway, of their delivery to the bridge railway, and then, with no change in their condition appearing, their delivery to this defendant who delivered them to plaintiff. Defendant being the last carrier, it is conceded that the presumption would ordinarily obtain that it injured the property. But it contends that the goods being at the owner's risk, it was only liable for negligence and that there was no evidence of that. We think there was. Assuming as, in view of the verdict, we must, that the goods were in good condition when shipped at Pinckneyville, no charge appearing when delivered to defendant and then a changed and damaged condition when delivered by defendant to plaintiff, it may be inferred that they became damaged while in defendant's charge. And being damaged while in defendant's charge, it may be inferred they became so through its negligence. For, ordinarily, with proper equipment and handling, freight is not destroyed or substantially injured in a shipment. But in this case the evidence showed the goods in such condition in the car when delivered to plaintiff, as to indicate an extreme disturbance of the car.

The contract of shipment required a written notice of claim for damages to be made within thirty days. No written claim was made. But the evidence tended to show that defendant's agent attended the opening of the car with plaintiff, listed the damaged goods and made report thereof to the defendant. It further appeared that defendant entered upon an investigation of the damages and at no time objected to the form of notice. In such circumstances a notice was not necessary.

[Ward v. Railroad, 158 Mo. 238; Richardson v. Railroad, 62 Mo. App. 1; Bellows v. Railroad, 118 Mo. App. 500.]

Much of defendant's objection to the judgment is founded on the petition. We do not consider the objection as sound. And the motion to make it more definite and certain was properly overruled. There were also objections to any evidence for the reason that it did not state a cause of action, and instructions were asked which were designed to prevent a recovery by reason of allegations in the petition. In the first place, while the practice of making the objection that a petition does not state a cause of action is tolerated by the courts, it is not commended. If no demurrer is interposed and the trial is entered upon, every reasonable intendment will be made in favor of the pleading. In this case we discover no substantial objection. It is sufficiently clear from the allegations that the Illinois Central, the Bridge Terminal and the defendant form a continuous line of connecting common carriers from point of shipment to destination; and that the first undertook to deliver to the second and the second to the third and the third to the defendant. The evidence disclosed a lump sum for freight paid to defendant which was divided with the other carriers. [Live Stock Co. v. Railroad, 87 Mo. App. 330; Shewalter v. Railroad, 84 Mo. App. 589.]

We do not consider that error was committed by the court on instructions given for the parties. Together, they submit every hypothesis necessary for a proper determination of the case. Those refused for defendant were properly refused. While we have no means of knowing whether the proper amount was allowed to plaintiff as damage and must accept the verdict in that respect, yet there is no doubt but that so far as a right to recover is concerned, the judgment was for the proper party and it is affirmed. All concur.