Andrew C. McBeath, Respondent, v. Wabash, St. Louis & Pacific Railway Company, Appellant.

Kansas City Court of Appeals, January 25, 1886.

1. Contract—Shipping Stock—Burden of Proof in Case of Loss. Ordinarily the *onus* is on the carrier to account for the stock delivered to it, and lost during *transit*, without any affirmative proof of negligence by the shipper. But in case of special contract, whereby the owner agrees to, and does, *take charge* of the stock, the burden of proving negligence is upon him.

2. —— Claim of Damages—Notice of Within Limited Time—Proof of.—Where it was agreed between the shipper and the carrier, that in case of loss no damages should be allowed or paid unless a claim, in writing, for it was made out, verified and delivered to defendant's general freight agent at St. Louis, in five days after the removal of the stock from the cars; the proof of such notice, within the time agreed upon (or some *waiver* of it) is essential to recovery; and such agreement is held to be reasonable and valid in this state.   *Brown v. R. R.*, 18 Mo. App. 568.

Appeal from Clinton Circuit Court, Hon. George W. Dunn, Judge.

*Reversed and remanded.*

The facts are sufficiently stated in the opinion of the court ·

GEO. S. GROVER, for the appellant.

I.   As the duty of caring for the animals, while *in transit*, was, by the special contract, assumed by plaintiff, the burden rested upon him to show that the loss resulted from the negligence of defendant.   Without such proof the defendant was entitled to a verdict in its favor. *Clark v. R. R.*, 64 Mo. 448; *R. R. v. Cleary*, 77 Mo. 63 3; *Dawson v. R. R.*, 79 Mo. 296; Lawson on Cont. Carriers, sect. 248.   The instruction given for plaintiff to the contrary of this, was erroneous.   Cases cited *supra*.

II.   Defendant's refused instructions were correct, and it was error to refuse them.   There was no pretense in the case that a *notice*, as required by the contract, had been given, or any excuse offered for failure to comply with its terms.   Such a stipulation was lawful, and the courts of this state will enforce it.   *Rice v. K. P. Ry. Co.*, 63 Mo. 314; *Dawson v. St. L., K. C. & N. Ry. Co.*, 76 Mo. 513; *R. R. v. Cleary*, 77 Mo. 634; *Brown v. W., St. L. & Pac. Ry. Co.*, 18 Mo. App. 568.

No brief on file for the respondent.

ELLISON, J.—This action was instituted before a justice of the peace in Clinton county, Missouri, to recover the sum of eighty-five dollars for one cow alleged to have been lost in transit upon the railroad of defendant, on the twenty-sixth day of March, 1881.   There was a judgment by default in favor of the plaintiff, before the justice, from which defendant perfected its appeal to the circuit court of Clinton county, Missouri, where judgment was again rendered against defendant, and it appeals to this court.

The undisputed testimony as preserved in the record is, that the shipment was under a written contract, whereby plaintiff agreed to accompany the cattle, load and unload them, and take care of them while in transit,

and that in case of loss no damages should be allowed or paid, unless a claim in writing for such loss or damage was made out, verified by affidavit and delivered to defendant's general freight agent at St. Louis, Missouri, in five days after the removal of the stock from the cars. The only proof in regard to notifying defendant was the following testimony of one of the plaintiff's witnesses, to whom the stock was consigned, to-wit :

"The railroad company was notified a short time after the loss was reported. Don't remember whether the notice was written or verbal. Don't remember when the notice was given."

The court instructed the jury for plaintiff that the burden of proving the loss occurred from a cause excepted in the contract, rested on the defendant. The court also refused an instruction, offered by defendant, wherein the jury was told that unless they believed from the evidence the written notice of loss was given in the time specified and in the manner required by the contract, the finding should be for defendant.

The court erred in giving plaintiff's instruction and in refusing defendant's. Ordinarily the *onus* is on the defendant to account for the stock, but in case of special contract, whereby the owner agrees to, and does, take charge of the stock, the burden of proving negligence is upon the plaintiff. *Clark v. Ry. Co.*, 64 Mo. 440 ; *Buddy v. Ry. Co.*, *ante*, p. 206.

The instruction offered by defendant as to plaintiff's duty to notify defendant of his loss, as required by contract, has been repeatedly held proper by the supreme court of this state, and it was so decided by this court at the March term in the case of *Brown v. Ry. Co.* (18 Mo. App. 568).

The proof here in this regard was wholly insufficient.

The judgment is reversed and the cause is remanded. All concur.