(May 27, 1921.)

JAMES H. LANE, Respondent, v. OREGON SHORT LINE RAILROAD COMPANY, a Corporation, Appellant.

[198 Pac. 671.]

CARRIERS—LIVESTOCK—CARE OF EN ROUTE—CONTRACT—NEGLIGENCE—BURDEN OF PROOF.

    1. A contract between a shipper and carrier which provides that the shipper would "at his own risk and expense, load, unload, care for, feed and water the stock until delivery of the same to the consignee at destination," is valid and binding.

    2. Where a shipper accompanies a shipment of livestock under such a contract, the burden of proving negligence resulting in injury thereto rests upon him.

    3. It is the duty of a carrier transporting livestock to furnish reasonable and proper facilities and opportunities for feeding, watering and resting them.

---

Publisher's Note.

    2. Burden of proof as to negligence on part of carrier of livestock, see notes in 15 Ann. Cas. 35; Ann. Cas. 1913E, 311.

    3. Duty of carrier of livestock, see notes in 63 Am. St. 548; 44 L. R. A. 289; L. R. A. 1918C, 539.

    For what acts carrier of livestock is liable, see note in 130 Am. St. 446.

4. No inference of negligence can be drawn from the failure of a carrier to provide its stockyards with patented locks, unless the circumstances are shown to be such that a prudent person would have provided locks.

5. When livestock is accompanied by the shipper under a contract to care for them at his own risk and expense, and when he has unloaded them in the stockyards, the carrier's duty is performed when it furnishes suitable yards in proper condition and reasonably secure.

APPEAL from the District Court of the Fourth Judicial District, for Lincoln County. Hon. H. F. Ensign, Judge.

Action for damages for loss of sheep. Judgment for plaintiff. *Reversed.*

Geo. H. Smith and H. B. Thompson, for Appellant.

Under the federal act, U. S. Comp. Stats. Supp. 1909, chap. 3594, 34 Stat. 607, the carrier is not made an absolute insurer of the safety of sheep in transit, but its duty is fully performed by providing pens properly equipped and of sufficient structural strength to retain them. (*Beckman v. Southern Pac. Co.*, 39 Utah, 472, 118 Pac. 118.) Under this act a provision of the shipping contract that in consideration of a reduced freight rate the shipper assumes the duty to load, unload, reload, feed, water, tend and care for the sheep at his own risk during the entire transportation, was valid and binding upon the parties; and under the statute the primary obligation is on the shipper. (*Webster v. Union Pac. R. Co.*, 200 Fed. 597.)

The provision of the shipping contract that the shipper's agent should accompany the stock and load, unload, reload, feed, water and tend and care for the stock at Shoshone, was a regulation which affected and determined the rate to be charged, and such regulation, having been established pursuant to the provisions of sec. 6 of the Interstate Commerce Act, was binding upon both the shipper and carrier and es-

4. Liability of carrier for escape of stock from custody during transit, see note in **Ann. Cas.** 1912B, 392.

tablished the status and rights of the parties thereunder. (*Adams Express Co. v. Croninger,* 226 U. S. 491, 33 Sup. Ct. 148, 57 L. ed. 314, 44 L. R. A., N. S., 257; *Boston & Maine R. Co. v. Hooker,* 233 U. S. 97, Ann. Cas. 1915D, 593, 34 Sup. Ct. 526, 58 L. ed. 868, L. R. A. 1915B, 450; *Northern Pac. R. Co. v. Wall,* 241 U. S. 87, 36 Sup. Ct. 493, 60 L. ed. 905, see also, Rose's U. S. Notes; *Erie R. R. Co. v. Stone,* 244 U. S. 332, 37 Sup. Ct. 633, 61 L. ed. 1173.)

The duty of feeding and watering stock and otherwise caring for them may be imposed upon the shipper or owner by the terms of the contract of shipment, and if this is done, or he volunteers or undertakes this duty, he alone is responsible for the neglect to discharge it (*Heller v. Chicago etc. Ry. Co.,* 109 Mich. 53, 63 Am. St. 541, 66 N. W. 667; Michie on Carriers, secs. 1755, 1756), and the burden is on the shipper to show that the loss, if any, was occasioned by the negligence of the carrier. (4 R. C. L. 995.)

C. O. Stockslager, for Respondent, cites no authorities on points decided.

RICE, C. J.—Respondent Lane recovered a judgment against appellant railroad company for damages to an interstate shipment of lambs, alleged to have been wholly and entirely due to the careless and negligent manner in which the stockyards in the village of Shoshone were managed and controlled by appellant. An agent of respondent accompanied the shipment under a shipping contract which provided that the shipper would "at his own risk and expense, load, unload, care for, feed and water the stock until delivery of the same to consignee at destination." When the lambs reached Shoshone they were unloaded by respondent's agent and placed in the stock-pens provided by appellant and were fed by respondent. The gates were fastened by pins which dropped into hasps and were not provided with patented locks. After feeding the lambs, respondent's agent fastened the gates and left the sheep unattended. During the night a large number of the lambs escaped from the

pens, and thirty-eight of them were lost. In the morning the gates were found closed and in the same condition in which they had been left the night before.

The provision in the shipping contract quoted above is valid and binding between the shipper and the carrier. (*Webster v. Union Pac. R. Co.*, 200 Fed. 597; *Cranor v. Southern R. Co.*, 13 Ga. App. 86, 78 S. E. 1014.)

Where a shipper accompanies a shipment of livestock under a contract to care for them *en route,* the burden of proving negligence resulting in injury thereto rests upon him. (*Starr v. Chicago, B. & Q. R. Co.*, 103 Neb. 645, 173 N. W. 682; *McBeath v. Wabash etc. Ry. Co.*, 20 Mo. App. 445; *Weesen v. Missouri Pac. R. Co.*, 175 Mo. App. 374, 162 S. W. 304; *Needy v. West Md. R. Co.*, 22 Pa. Super. Ct. 489; *Bartelt v. Oregon R. & Nav. Co.*, 57 Wash. 16, 135 Am. St. 959, 106 Pac. 487; 4 R. C. L., p. 995, sec. 462; 10 C. J., p. 381, sec. 583.)

It is the duty of a carrier transporting livestock to furnish reasonable and proper facilities and opportunities for feeding, watering and resting them. (*Pecos & N. T. R. Co. v. Meyer* (Tex. Civ. App.), 155 S. W. 309; 2 Hutchinson on Carriers, p. 555, sec. 510.) In this case so far as the evidence discloses, the pens were suitable and in good condition.

It is claimed that the failure to provide the gates with patented locks was negligence. No inference of negligence can be drawn from such failure, unless there was a showing of such circumstances that a prudent person would have provided locks, as, for example, that others in the community locked their pens and corrals in which livestock was kept at night, or that sheep or other livestock had escaped from the pens previously, or that it was customary for railroad stockyards to be provided with locks. (*Beckman v. Southern Pac. R. Co.*, 39 Utah, 472, 118 Pac. 118; *Ft. Worth & D. C. Ry. Co. v. Gatewood* (Tex. Civ.), 185 S. W. 932; *Colsch v. Chicago, M. & St. P. R. Co.*, 149 Iowa, 176, Ann. Cas. 1912C, 915, 127 N. W. 198, 34 L. R. A., N. S., 1013.)

The court instructed the jury at the request of respondent that the gates should be so secured that they could not be opened by anyone who attempted to interfere with the possession of the property without committing a crime. This instruction does not state the proper measure of the duty of a carrier of livestock when unloaded into the yards for food and rest, accompanied by the shipper under a contract such as was executed in this case. Under such circumstances, the carrier is not an insurer, and its duty is performed when it furnishes suitable yards in proper condition and reasonably secure. (*Missouri O. & G. R. Co. v. French,* 52 Okl. 222, 152 Pac. 591; *St. Louis & S. F. R. Co. v. Zickafoose,* 39 Okl. 302, 6 N. C. C. A. 717, 135 Pac. 406; *Beckman v. Southern Pac. R. Co., supra; Starr v. Chicago, B. & Q. R. Co., supra.*)

There is in the record an entire absence of evidence of negligence on the part of appellant, and its motion for a directed verdict in its favor should have been granted.

The judgment is reversed, with directions to dismiss the action. Costs awarded to appellant.

Budge, McCarthy, Dunn and Lee, JJ., concur.